UNITED STATES v. GRANT.

(District Court, D. Massachusetts. July 14, 1914.)

No. 233.

1. SEAMEN ⟨⇒32—WAGES AND EFFECTS OF DECEASED SEAMEN—SHIPPING COMMISSIONERS' ALLOWANCES—STATUTORY PROVISIONS.
   Rev. St. § 4543 (Comp. St. 1913, § 8332), requiring every shipping commissioner to turn over the money, wages, and effects of deceased seamen, subject to such deductions as may be allowed by the District Court for expenses incurred, gives the court power to allow expenses, provided they are reasonable, notwithstanding section 4545, as amended by Act March 3, 1897, c. 389, § 7, 29 Stat. 689 (Comp. St. 1913, § 8334), providing for the payment into the United States treasury of claimed wages and effects of deceased seamen, which does not mean that all the money paid into court by the commissioner shall be paid to the treasurer.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 215–217; Dec. Dig. ⟨⇒32.]

2. SEAMEN ⟨⇒32—WAGES AND EFFECTS OF DECEASED SEAMEN—SHIPPING COMMISSIONERS' ALLOWANCES—STATUTORY PROVISIONS.
   Allowances paid to a shipping commissioner as expenses under order of court, pursuant to Rev. St. § 4543, as previously construed by the Circuit Judge for the circuit, and followed with no objection, cannot be recovered back by the United States, where the allowances are not excessive, and the United States, wishing to contend that the amount paid under the practice is too large, can do so when a subsequent case arises.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 215–217; Dec. Dig. ⟨⇒32.]

⟨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. SEAMEN ⊂⟩32—WAGES AND EFFECTS OF DECEASED SEAMEN—SHIPPING COM-
MISSIONERS' ALLOWANCES—STATUTORY PROVISIONS.

    Act June 19, 1886, c. 421, 24 Stat. 79, providing for the payment to
shipping commissioners of salaries, instead of fees for specified services,
does not affect Rev. St. § 4543, requiring shipping commissioners to turn
over money, wages, and effects of deceased seamen, subject to deductions
allowed by the District Court for expenses incurred.

    [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 215–217; Dec.
Dig. ⊂⟩32.]

Petition by the United States against Ernest B. Grant. Dismissed.

Daniel A. Shea, of Boston, Mass., Asst. U. S. Atty.

Ernest B. Grant, pro se.

MORTON, District Judge. This is a petition by the United States
attorney for an order directing the shipping commissioner at Boston
to return to the court the sum of $35.36 paid him by order of this court
on December 8, 1913, as his fees in connection with the wages of de-
ceased seamen. These wages had been paid into court by the commis-
sioner from time to time, and had remained unclaimed for more than
six years. On December 8th orders were entered to pay the commis-
sioner the above sum and to pay the balance into the treasury.

The Shipping Commissioners Act was passed in 1872. The parts
of it here in question are embodied in R. S. §§ 4543 to 4545, as amend-
ed by section 7 of the act of March 3, 1897 (29 Stat. 687), and the Ju-
dicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087).

[1, 2] In this district, ever since the passage of the Shipping Com-
missioners Act, the commissioner has always turned over the entire
fund, and has received his compensation from the court.

In 1873, Judge Shepley, Circuit Judge for this circuit, in the first
case with which he dealt under the act, ordered that the commissioner
should be paid from the fund the sum of $2 and 1 per cent. The com-
missioner has ever since, by order of court, received this amount in
each case. No objection has hitherto been raised by the United States.
Judge Shepley seems to have gone thoroughly into the question, for
he seems also to have passed on the question of clerk's fees in such
cases. United States v. Hill (C. C.) 25 Fed. 375–377.

Under section 4543, the commissioner is required to turn over the
money, wages, and effects of deceased seamen, "subject to such deduc-
tions as may be allowed by the Circuit Court for expenses incurred in
respect to such money and effects." This plainly gives the court the
power to allow expenses in such cases; and "expenses" may include
proper fees to the commissioner, who is not required to do such work
for nothing. There seems to be no other construction which would
authorize the court to pay the clerk's fees from the fund (which is not
objected to by the United States attorney), nor the obviously necessary
expenses in connection with "effects." Section 4545 does not mean
that all the money paid into court by the commissioner shall be paid to
the treasurer.

It must be presumed that the order of Judge Shepley was in con-
formity with the statute, which mentions only "expenses," and that the

allowance to the court was made as part of the expenses in such cases. The effect of the order seems to be that the commissioner shall receive his expenses, which are determined to be $2 and 1 per cent. in each case. The amounts are generally small, and the commissioner's expenses are difficult to ascertain. The allowance does not seem to me excessive. In this case, under Judge Shepley's order, there has been a judicial determination as to the commissioner's expenses, pursuant to the terms of section 4543, and the amount has already been paid to the commissioner. I do not think the transaction can be opened up. If the United States wishes to contend that the amount paid as expenses under the present practice is too large, it can do so when the next case of this nature arises.

[3] The fact that the commissioner is now paid a salary, instead of by fees, is immaterial, as in this matter he is paid the compensation he would have been entitled to prior to the passage of the act changing his method of compensation. Act June 19, 1886 (24 Stat. 79).

The petition is dismissed.