### In re MacDONALD.

(District Court, S. D. New York. October 30, 1917.)

### No. 146.

OFFICERS ⚵100(2)—COMPENSATION OF SHIPPING COMMISSIONERS—EXTRA ALLOWANCES.

Under Rev. St. § 1765 (Comp. St. 1916, § 3234), which provides that "no officer in any branch of the public service, or any other person whose salary, pay or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation," a shipping commissioner, who receives a salary fixed by law, is not entitled to a fee from the wages of a deceased seaman, paid to him, and which he is required to deposit in the registry of the District Court.

In the matter of the wages and effects of J. T. MacDonald, a deceased seaman, late of the steamship Notano. On question of allowance of fees to shipping commissioner. Fees disallowed.

⚵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Francis G. Caffey, of New York City (John Hunter, of New York City, of counsel), United States Attorney.

William J. Mahon, of New York City, for shipping commissioner.

MANTON, District Judge. The widow of the above-named deceased seaman asks for the payment to her of the sum of $405 due the deceased for wages, which had been paid to the United States shipping commissioner, who in turn deposited the said money in the registry of this court. A provision in the order submitted to the court directs that $5.99 be paid to the shipping commissioner and $6 to the clerk of the court as his proper costs and charges. The United States attorney has asked me to reconsider a ruling heretofore made, in which I allowed the shipping commissioner fees on such application, in an opinion handed down on December 14, 1916. Matter of J. H. Johnson, a Deceased Seaman, 251 Fed. 319. In rendering the decision on that day, and thus stating the rule for this district, I followed Judge Morton, sitting in the District Court of Massachusetts, in the case of United States v. Grant, 224 Fed. 644. The United States attorney, on this application, calls my attention to a recent decision of the United States Supreme Court, May 21, 1917 (Lewis, etc., v. United States, 244 U. S. 134, 37 Sup. Ct. 570, 61 L. Ed. 1039), where, passing on section 1765 of the Revised Statutes (Comp. St. 1916, § 3234), providing:

"No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowances, or compensation"

—the court says:

"We are of opinion that section 1765 of the Revised Statutes, * * * above quoted, prevents the allowance of the claim for fees. This section is general in its application, and fixes the compensation of officers of the United States at the salary established by law, unless the additional compensation is authorized and explicitly appropriated for."

The United States attorney admits that, if Judge Morton's opinion in United States v. Grant, supra, is correct, the shipping commissioner here is entitled to the fee he asks for. The United States shipping commissioner, for this district, receives the salary of $5,000, fixed by law. Section 4543 of the Revised Statutes (Comp. St. 1916, § 8332) provides, among other things, that every shipping commissioner shall, within one week from the date of receiving the wages and effects of deceased seamen, pay the same into the registry of the District Court, subject "to such deductions as may be allowed by the District Courts for expenses incurred in respect of such money and effects." In the Lewis Case, the deceased was surveyor general for Louisiana for the fiscal year beginning July 1, 1909, and ending June 30, 1910. He brought suit in the Court of Claims to recover a sum of money claimed to belong to him as perquisites of his office. The Supreme Court held he was not entitled to it, in view of section 1765.

Section 4501 (Comp. St. 1916, § 8287) provides for the appointment

of the United States shipping commissioner, section 4592 provides for his fees, and section 4594 (section 8378) provides that in no case shall the salary, fees, or emoluments of any officer appointed under this title be more than $5,000 per annum, and any additional fees shall be paid into the treasury of the United States. Judge Morton, in the case of United States v. Grant (D. C.) 224 Fed. 645, said:

"In this district ever since the passage of the Shipping Commissioners' Act, the commissioner has always turned over the entire fund, and has received his compensation from the court.

"In 1873, Judge Shepley, Circuit Judge for this circuit, in the first case with which he dealt under the act, ordered that the commissioner should be paid from the fund the sum of $2 and 1 per cent. The commissioner has ever since, by order of court, received this amount in each case. No objection has hitherto been raised by the United States. Judge Shepley seems to have gone thoroughly into the question, for he seems also to have passed on the question of clerk's fees in such cases. United States v. Hill (C. C.) 25 Fed. 375–377.

"Under section 4543 [Comp. St. 1916, § 8332], the commissioner is required to turn over the money, wages, and effects of deceased seamen, 'subject to such deductions as may be allowed by the Circuit Court for expenses incurred in respect to such money and effects.' This plainly gives the court the power to allow expenses in such cases; and 'expenses' may include proper fees to the commissioner, who is not required to do such work for nothing. There seems to be no other construction which would authorize the court to pay the clerk's fees from the fund (which is not objected to by the United States attorney), nor the obviously necessary expenses in connection with 'effects.' Section 4545 [section 8334] does not mean that all the money paid into court by the commissioner shall be paid to the treasurer.

"It must be presumed that the order of Judge Shepley was in conformity with the statute, which mentions only 'expenses,' and that the allowance to the court was made as part of the expenses in such cases. The effect of the order seems to be that the commissioner shall receive his expenses, which are determined to be $2 and 1 per cent. in each case. The amounts are generally small, and the commissioner's expenses are difficult to ascertain."

In deciding as I did in the previous case (J. H. Johnson, deceased seaman), I felt constrained to follow the authority of United States v. Grant, supra. I think, however, this is inconsistent with the more recent opinion in Lewis v. United States, as it construes section 1765 of the Revised Statutes. The commissioner and his counsel have not submitted a memorandum on this application, and his counsel frankly stated orally that he was not desirous of obtaining the fees asked for, if granting the same would be inconsistent with the holding in the Lewis Case. Therefore the allowance asked by the commissioner must be disallowed, and he is not entitled to any fees other than the salary fixed by law, to wit, $5,000.

An order may be presented, directing payment with this modification.