REDERIAKTIEBOLAGET TRANSATLANTIC et al. v. EKLUND et al.

THE BALTIC.

(Circuit Court of Appeals, Fifth Circuit. February 14, 1919.)

No. 3273.

1. SEAMEN ⬤⇒23—RIGHT TO HALF PAYMENT—PRIOR DEMAND AND PAYMENT.

Under Seamen's Act, § 4 (Comp. St. § 8322), demand by a seaman, on arrival at a port, for payment of a specific sum, less than half of what he had earned, and payment thereof, does not stand in the way of another demand therefor, within less than five days thereafter, for payment of half of wages earned.

2. SEAMEN ⬤⇒23—WAGES—RIGHT TO HALF PAYMENTS—ADVANCES—AGREEMENT TO PAY OTHERS.

In determining amount of wages paid, relative to right under Seamen's Act, § 4 (Comp. St. § 8322), to demand payment of half of wages earned, advances in foreign ports and amounts of allotments which shipowner had agreed to pay to members of seaman's family in a foreign country, from his wages, are to be considered as payments.

8. SEAMEN ⬤⇒26—WAGES—LIBEL—COSTS.

Failure to comply with rightful demand of seamen for payment of half of wages earned, releasing them and entitling them to full payment, by provision of Seamen's Act, § 4 (Comp. St. § 8322), they should be adjudged costs on libel therefor.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Libel by Ragnar Eklund and others against the steamship Baltic; the Rederiaktiebolaget Transatlantic, claimant. Decree for libelants, and claimant and others appeal. Reversed in part and modified and affirmed in part.

W. W. Young, of New Orleans, La. (Terriberry, Rice & Young, of New Orleans, La., on the brief), for appellants.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. On a libel by eight seamen against the steamship Baltic, a decree was rendered in favor of the libelants for the amounts of wages earned by them, though the court concluded that the demand of the seamen, which was not complied with, was not one they were entitled to make, and adjudged the costs against them.

[1] After the arrival of the ship in New Orleans, and within less than five days before the making of the demand for the payment of half the wages earned, a demand of each of the seamen for the payment of a specified amount was complied with, except as to three of the seamen hereinafter referred to. The amounts so demanded and paid to the other five seamen were less than half the wages they had earned. The compliance with the earlier demand did not keep the later demand from being one the seamen were entitled to make. Under the terms of section 4 of the Seamen's Act of March 4, 1915 (38 Stat. 1165, c. 153 [Comp. St. § 8322]), it is only a demand for the payment of one-half part of the wages earned which stands in the way of the making of another such demand within five days thereafter.

[2, 3] Before the making of the demand for the payment of half the wages earned, more than that much had been paid on the wages of three of the seamen, Forsberg, Johannesson, and Sjo. The payments previously made on the wages of those seamen included the amounts of allotments out of their wages which the shipowner had agreed to pay to members of their families in Sweden. Advances, though made in foreign ports, are subject to be deducted in ascertaining the amount of wages earned. Sandberg v. McDonald, 248 U. S. 185, 39 Sup. Ct. 84, 63 L. Ed. ——. Amounts which the shipowner has obligated itself to pay to a third party as part of a seaman's wages stand on the same footing as payments on his wages to the seaman himself. It follows that the demand did not entitle the three seamen mentioned to receive anything. So far as the decree appealed from is in their favor, it is reversed.

The failure to comply with the demand for the payment of half the wages earned released the other five seamen, and entitled them to full payment of wages earned. So far as the decree is in their favor, it is modified, by adjudging the costs also in their favor, and, as so modified, it is affirmed as to them.

Reversed in part; modified and affirmed in part.