### In re NICKERSON.

(District Court, D. Massachusetts. September 9, 1919.)

#### No. 463.

SEAMEN ⬉⬉32—WAGES OF DECEASED SEAMAN; FEES OF SHIPPING COMMISSIONER.
The right of a shipping commissioner to allowance of a fee out of wages due a deceased seaman paid to him *held* not affected by Act June 19, 1886, § 1 (Comp. St. § 8138).

In Admiralty. In the matter of Henry B. Nickerson, deceased seaman. On petition of Ernest B. Grant, Shipping Commissioner, for allowance of fees. Granted.

Charles J. Miller and Berry & Bucknam, all of Boston, Mass., for petitioner.

Thomas J. Boynton, U. S. Atty., and Alonzo H. Garcelon, Sp. Asst. U. S. Atty., both of Boston, Mass., for the United States.

MORTON, District Judge. Nickerson was a seaman, who died while in the merchant service, on September 21, 1918. There was due him as wages at the time of his death $39.47, which was paid to the United States shipping commissioner at Boston, and by him has been paid into this court, where it now is.

The shipping commissioner has filed a petition praying that he be allowed out of this money $2 and 1 per cent.—i. e., $2.39—as expenses in the case. The question is whether he is entitled to that sum. The statutes and order of court under which the claim is made were fully discussed in U. S. v. Grant, 224 Fed. 644, in this court, where it was pointed out that the order fixing the expenses of the commissioner at $2 and 1 per cent. was made in 1873 by the late Judge Shepley and has been in force ever since.

The ground now urged against the order is that it is inconsistent with Act June 19, 1886, c. 421, 24 Stat. 79 (Comp. St. § 8138). That act provides that—

---

"On and after July 1, 1886, no fees shall be charged * * * by * * * shipping commissioners, for the following services to vessels of the United States, to wit."

Then follows a list of various services rendered by the officers referred to. Those mentioned which are rendered by the shipping commissioner are:

"Furnishing the crew list; * * * certificate of protection to seaman; * * * shipping or discharging of seamen; * * * apprenticing boys to the merchant service."

The statute then continues:

"And all provisions of laws authorizing or requiring the collection of fees for such services are repealed, such repeal to take effect July 1, 1886. Collectors or other officers of customs, inspectors of steam vessels, and shipping commissioners who are paid wholly or partly by fees shall make a detailed report of such services, and the fees provided by law, to the Secretary of the Treasury, * * * and the Secretary of the Treasury [or the Secretary of Commerce] shall allow and pay, from any money in the Treasury not otherwise appropriated, said officers such compensation for said services as each would have received prior to the passage of this act.'

The effect of this statute is to make the commissioner's compensation dependent on the services which he renders, and to put the payment for those services on the United States, instead of on individuals. The commissioner is not entitled to be paid by the United States for services for which he would not, prior to the statute referred to, have been entitled to charge individuals.

Under the law as it stood prior to the act of June 19, 1886, it must be taken as established in this court that the commissioner was entitled to make a charge for expenses in accordance with Judge Shepley's order of 1873. The question then is whether the statute in question abolishes that charge. The language of the act is extremely precise:

"No fee shall be charged * * * for the following services, to wit."

Attending to the effects of a deceased seaman was not among the services scheduled. The compensation substituted by the act in lieu of fees is based upon "a detailed report of such services and the fees provided by law." It seems clear that the commissioner, if he reported such a fee as is here claimed, could not be allowed for it out of the treasury under the statute. It was obviously not the intention of Congress to change by the statute the amount of compensation, but only the method of payment.

For these reasons it seems to me that the statute did not nullify the order of court under which the claim is made, and that the petition should be allowed.

So ordered.