## In re WILLIAMS.

### No. 5198.

Circuit Court of Appeals, Fourth Circuit.

Dec. 22, 1943.

J. Richard Wilkins and J. Cookman Boyd, Jr., both of Baltimore, Md., for appellant.

Before SOPER and DOBIE, Circuit Judges, and WARING, District Judge.

PER CURIAM.

This appeal is taken from an order wherein the court below denied a seaman's petition for payment of the full sum of $1844.51 which had been deposited in the registry of the court by the shipowner as the balance of the wages earned by the seaman between August 10, 1942, and February 23, 1943, during a voyage on the S/S John Henry from New York to ports in the Arabian Sea. It was suggested to the judge by papers filed in the proceeding that the seaman's petition should be denied because he had deserted the ship at Abadan, Iran, and the judge was inclined to adopt this view; but the evidence seemed to him insufficient to justify a definite finding to this effect and consequently he gave the seaman the benefit of the doubt and allowed him one-half of the wages which the seaman had demanded before he left the ship.

The only witness in the case was the petitioning seaman. The Eastern Steamship Company, owner of the ship, although given notice of the petition and of the hearing, did not appear and was not represented, sending a letter which at best could be taken only as an answer to the petition, stating that the seaman was not entitled to the money because he had deserted the ship. The only other circumstance upon which a finding of desertion might be based, if it could be properly considered at all in this connection, consisted of findings of a board of local inspectors which held a hearing and found the seaman guilty upon two charges of misconduct during the voyage and suspended his rating. The charges were (1) that he was absent from his duties and from the vessel from February 14 to February 19, and from February 21 to February 26, 1943, at Kermanshah, Iran, and (2) that on February 26, 1943 at Abadan, Iran, he failed to rejoin the vessel before her departure from the port so that she was required to sail without him.

■ It is conceivable that the evidence on which these findings were based would have shown desertion, but the evidence received by the board was not produced at the hearing before the court and the charges themselves do not include the essential element of desertion that the seaman left the vessel with the intention not to return; and the offense may have been the lesser one of neglecting to proceed to sea in the vessel without reasonable cause. See 46 U.S.C.A. § 701. The case must therefore be decided upon the testimony of the seaman who was the only witness heard by the board of inspectors and by the judge. His testimony may be summarized as follows:

The petitioner signed on the ship as chief cook on August 11, 1942. During the voyage around the Horn he suffered from bronchitis and lumbago and when the ship reached Cape Town he was attended by a doctor who gave him medicine and pronounced him a sick man. While in port he got better and spent one evening ashore. Continuously during the voyage, before and after Cape Town, he was the butt of ridicule by the crew who charged him with faking sickness, complained of his cooking and abused him with the cooperation of the steward and without reproof from the master. Later, while the ship was at anchor for a month in the Persia Gulf, unsuccessful efforts were made by the crew to reduce him to the rank of third cook and at Azro, Irak, while the ship was unloading explosives, the ill treatment continued. He complained to the consul who scolded the captain for not controlling his men and told the seaman to return to his ship, which he did. When they reached Kermanshah the trouble started again and he got twenty-four hours leave to see the consul at Aya and failing to see him, overstayed his leave. Later he found the consul who gave him a letter to the master and made an effort to induce him to pay the seaman off and let him go. For days the matter was the subject of discussion but the captain did not consent.

During this period the seaman was in the hospital on shore for three days where he was x-rayed and found to be suffering from chronic bronchitis. He was also absent from the ship on other days as he was unwilling to face the crew and the captain himself was absent from the ship for part of the time. While the ship was in this port the seaman asked the captain for half wages but the captain said he had no American money and could only pay in Persian money. The seaman offered to take Persian money but the captain failed to comply with the demand. At one time in the presence of the consul he accused the seaman of desertion but the consul replied that this could not be so since the seaman was reporting to him every day. It was after the demand for one-half wages had been made and refused that the ship left the port without the seaman and he, finding another ship, returned to the United States.

■■ It is provided by statute, 46 U.S. C.A. § 597, that every seaman on a vessel of the United States shall be entitled to receive on demand from the master one-half part of the balance of his wages earned and remaining unpaid at every port during the voyage where the vessel shall load or deliver cargo; and that any failure on the part of the master to comply with this demand shall release the seaman from his contract and entitle him to full payment of the wages earned. We think that this statute is applicable in the pending case. The burden to prove desertion rested on the shipowner, The City of Norwich, 2 Cir., 279 F. 687, L.R.A.1918C, 795; but no proof was offered on its behalf. The testimony given by the seaman would not warrant a finding that he left the ship without intention to return until after the demand for payment of half wages was made by him and refused by the master. The master's refusal released the seaman from his obligation to the ship and entitled him to the balance of the wages he had earned. The Baltic, 5 Cir., 256 F. 95; The Tairoa, 2 Cir., 297 F. 449; The Nigretia, 2 Cir., 255 F. 56; The Italier, 2 Cir., 257 F. 712; United States v. Smith, 5 Cir., 12 F.2d 265.

Reversed and remanded for further proceedings.