## In re MITCHELL.

United States District Court
D. Oregon.

July 22, 1948.

Donald S. Richardson, Portland, Oregon, for petitioner.

Floyd D. Hamilton, Assistant U. S. Attorney, Portland, Oregon, for defendant.

JAMES ALGER FEE, District Judge.

In this case a seaman has petitioned for $1874.78, turned over to the Clerk of this Court in accordance with the statute.[1] The steamship company owning the "George Rogers Clark," on which Mitchell sailed, turned this sum into Court with the statement that Mitchell had deserted. It was stated in Court that the United States Attorney and the seaman had arrived at a compromise whereby he was to receive $1300.00, and the balance was to be paid to the United States. The Court rejected the compromise upon the ground that the public interest required such cases to be determined upon the merits. The owners wrote several letters to the Clerk of this Court suggesting that they be compensated for maintenance advanced to the seaman after his. desertion. However, the steamship company failed to put this claim in a peti-tion, although often requested to do so. The Court finally ordered one of these letters to be filed in lieu of a petition, so that the whole matter could be considered together. A hearing was had, in which the United States was represented by an Assistant United States Attorney and the seaman by a competent firm of lawyers.

The log of the vessel shows the seaman was logged by the Captain as a deserter upon the ship leaving Manila, Philippine Islands, and that two days later at sea another man was employed in his place. The evidence. of respondent conclusively shows that he was a deserter. He had trouble with several of his shipmates before he got to Manila. Before he left the ship, he intimated to the Captain that he was going to desert, and he claims that the Captain even acquiesced. He knew when the ship was to sail, but he was drunk. Later, he was drinking and messing around with girls when he was to report on another ship. He stayed in the islands for seven months, missing several opportunities to return to this country. It was difficult to force him back. Proof of desertion at the time he left the ship and of intention to remain away is conclusive.[2]

The present statute[3] seems to allow the Court some discretion to forfeit the wages in whole or in part. The United States Attorney has attempted to compromise this case. Although the Court sees no circumstances of mitigation, there is some hesitation in applying such harsh retaliation. It must be remembered that the money forfeited is not paid to the steamship company or even to the United States, but is put in a fund for "the relief of sick and disabled and destitute seamen." 46 U.S.C.A. §§ 628, 706. The Court therefore forfeits pay in the sum of $1300.00.

The Clerk will pay to claimant $574.78 and to the Treasury of the United States for the fund $1300.00.

The steamship company turned in no gear of the seaman, and the Court finds

[1] 46 U.S.C.A. §§ 626, 706.

[2] This case must therefore be distinguished from one where the Trial Judge was doubtful as to whether. the evidence were sufficient to permit a finding of desertion. See In re Williams, 4 Cir., 139 F.2d 262.

[3] 46 U.S.C.A. § 701.

Mitchell took all his belongings with him when he deserted.

■ The Court denies the claim of the steamship company altogether, since there is no authority in law for such recompense.