## HUMES v. ALASKA TRANSPORTATION CO.

### No. 12038

United States Court of Appeals,
Ninth Circuit

Feb. 17, 1950.

Bassett & Geisness, J. Duane Vance, Seattle, Wash., for appellant.

Pendleton Miller, Albert E. Stephan, Grosscup, Ambler & Stephan, Seattle, Wash., for appellee.

H. G. Morison, Asst. Atty. Gen., Leavenwoth Colby, Sp. Asst. to Atty. Gen., Keith R. Ferguson, Sp. Asst. to Atty. Gen., Ruth Kearney, Atty., Dept. of Justice, Washington, D. C., for the United States.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a decree of the district court awarding appellant $153.86 and the United States $200 of $353.86 deposited in the court's registry by the Deputy United States Shipping Commissioner upon receipt of that amount from the Alaska Transportation Company.

█ Humes was a seaman employed on the Alaska Transportation Company's steamer Clove Hitch on a voyage between Skagway, Alaska, and Mexican ports. Finding that Humes left the ship and did not return, the vessel's master logged Humes as a deserter pursuant to 46 U.S.C.A. § 702, and his wages then due were declared forfeited. The owner paid the wages to the Deputy Commissioner, who deposited them with the district court pursuant to 46 U.S.C.A. § 706.

The punishment for desertion is provided in 46 U.S.C.A. § 701, First as follows: "For desertion, by forfeiture of all or any part of the clothes or effects he leaves on board and of all or any part of the wages or emoluments which he has then earned."

Humes is entitled to raise any issue respecting the forfeited wages in the proceeding under which they are held in the registry under 46 U.S.C.A. § 705, providing:

"Enforcement of forfeitures.

"Any question concerning the forfeiture of, or deductions from, the wages of any seaman or apprentice may be determined in any proceeding lawfully instituted with respect to such wages, notwithstanding the offense in respect of which such question arises, though made punishable by imprisonment as well as forfeiture, has not been made the subject of any criminal proceeding."

The issue must be raised by petition and the person or persons against whom it is raised must be served with notice as required by Admiralty Rule 42, 28 U.S.C.A., providing:

"Claims against Proceeds in Registry.

"Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene pro interesse suo for delivery thereof to him, and on due notice to the adverse parties, if any, the court shall and may proceed summarily to hear and decide thereon, and to decree therein according to law and justice. And if such petition or claim shall be deserted, or on a hearing, be dismissed, the court may, in its discretion, award costs against the petitioner in favor of the adverse party."

Since such notice of a pending proceeding must be given, it is obvious that the petition required by Admiralty Rule 42 must be in writing. Humes filed no such written petition but petitioned orally, contending that he was justified in leaving the ship and was not a deserter as claimed by the transportation company and that he is entitled to all the wages paid into the registry. Humes raised no issue that the wages surrendered were not all the wages which he had earned when he left the ship.

The district court caused verbal notice to be given to the transportation company, and its attorneys appeared and presented "one witness we would like to present on behalf of the Alaska Transportation Company." The court did not cause any notice to be given to the United States, though the amount of the deposited wages to be paid over to the United States Treasury for the benefit of sick and disabled seamen under 46 U.S.C.A. §§ 706 and 628 would disappear if all the wages were awarded Humes on proof that he had not deserted, or part thereof if the forfeiture were mitigated by restoring to Humes a part of the wages as provided in 701, First, supra.

Evidence, viva voce, was heard and the district court held that Humes had deserted the ship, but mitigated the wage forfeiture by awarding him $153.86 and further "ordered that the sum which had been forfeited be transmitted in the usual manner to the Treasurer of the United States in accordance with the provisions of Sections 628, 701, 706, Title 46 U.S.C.A., for the benefit of sick and disabled and destitute

seamen belonging to the United States Merchant Marine Service."

Humes appeals and contends the court erred in holding that he had deserted and claims he is entitled to all the wages. The transportation company moved that it be dismissed as a party in the district court and as an appellee. Without deciding the case on the merits, we held that the transportation company was a proper party and denied its motion. We held the United States was a necessary party and that Humes should file a written petition stating his claim, reversed the decree and ordered further proceedings in the district court. On petition for rehearing by Humes, we issued an order to the United States to show cause why all the balance of funds held in the district court as forfeited from Humes should not be paid him. We stated: "The decision, with a dissent, affects the procedure in a large number of such desertion forfeiture cases. We are advised that in many district courts, in this circuit and elsewhere, there is an established practice different from that established in our decree, and it seems that it is advisable to give the United States an opportunity to express its views on a practice affecting it in many cases."

The United States responded with an extended brief contending (a) that it is a necessary party in forfeited seamen's wage cases and (b) that the transportation company is neither a necessary nor proper party to such proceedings, and (c) that the district court's decision on the merits should be affirmed. Humes replied to the government's brief. Since for the first time the matter is fully presented, we withdraw our opinion of February 11, 1949, substituting this opinion therefor, and set aside our decree reversing the decree of the district court.

■ (A) *The United States is a necessary party.* We think that the United States is one of the persons having an interest in the "proceeds in the registry" adverse to Humes on which the due notice required by Admiralty Rule 42, supra, must be served. The participancy of the United States in such proceedings is expressed in the opinion of Attorney General Williams, 14 Opinions Attorney General, 520, 521. Such participancy is in accord with the practice in the District of Oregon as stated in Re Mitchell, D.C., 84 F.Supp. 871, where the United States was made respondent and offered the evidence upon which it was held that the petitioning seaman was a deserter. Similarly in the Southern District of New York, a port of the largest admiralty litigation in the United States, in Petition of Myers, D. C., 74 F.Supp. 154, the United States was brought in by notice and resisted the seaman's petition. So also in the port of Boston, the United States must be brought in by notice, In re Zanicki, D.C.Mass., 65 F.Supp. 447, 449; also U. S. v. Grant, D.C.Mass., 224 F. 644, 645. The brief of the United States advises that this is now the practice in the ports of Baltimore and Norfolk. We are advised that for the Pacific Coast ports other than in Oregon the district courts require no written petition and that the United States is not made a party.

In Re Williams, 4 Cir., 139 F.2d 262, the fourth circuit disposed of the case without making the United States a party. It does not discuss the question of the latter's rights. We cannot accept this case as an authority, it having been decided ex parte, so far as concerns the interest of the United States.

(B) *The participancy of the transportation company.* The company would have been a necessary party if Humes' petition raised the issue that the amount of wages surrendered was less than those due him on the day of desertion, 46 U.S.C.A. § 705 supra. Since the petition was verbal, the company could not know whether this issue was raised, and it appeared and introduced evidence tending to show that an allotment note in favor of Humes' wife was not honored and hence not deducted from his wages. We regard the appearance of the transportation company as inadvertent, since it finally appeared that Humes was not seeking to increase the amount of wages.

■ We do not think the ship owner is a necessary party to the proceeding here initiated by the seaman. The proceeding is in Admiralty and is in rem. The ship

owner makes no claim to the res. No relief can be had against it since it is not contended that the res has not been fully created by the deposit of wages required by the statute.[1] We do not agree with the statement in Re Zanicki, supra, that the depositor of the funds in the registry, having no claim against such a res, should be made a party because of such deposit. It well may be that Humes could have permitted the deposited moneys to be paid into the Treasury and nevertheless could sue to recover his wages from the owner. That would be a proceeding in personam. His right to such personal recovery does not change the character of the res held in the registry. For the same reasons we cannot agree with per curiam of the fourth circuit in Re Williams, supra, where the United States was not joined and the owner did not raise the question. In Re Mitchell, supra, the owner was made a party as one claiming the right to recover maintenance of the seaman from the res deposited by it. The transportation company' motion to be dismissed from the proceeding below and here is granted without costs to it.

 (C) *On the merits.* The United States having become a party to this admiralty appeal, states that it seeks to recover no more than the $200 decreed it by the district court. We hold that the evidence, all of it heard by the trial court, sustains the finding that Humes deserted the Clove Hitch and that the forfeiture of his wages was properly mitigated to the extent allowed. The awards of the decree are affirmed. Each party shall bear its own costs.

HEALY, Circuit Judge.

As indicated when this matter was earlier considered, I am of opinion that the shipowner is not a proper party to the appeal and that its motion to have its name stricken as a party appellee should be granted. I agree that the order of the trial

court disposing of the fund or res should be affirmed. Whether the United States is a necessary party to proceedings of this nature we need not now decide. The United States has in fact appeared, and certainly it should be treated as a proper party in these proceedings if and when it desires to become such.

This, it seems to me, is all we need or should decide.

---

[1] The law is settled that in suits in rem one who, like the ship operator here, "has merely a collateral interest in some question involved in the suit and has no active concern in the subject-matter of it, cannot be allowed to intervene in the proceedings." The Lottawanna, 1873, 20 Wall. 201, 222, 22 L.Ed. 259; The Cartona, 2 Cir., 1924, 297 F. 827.