**PETITION of Paul R. RITCHIE, for an order setting aside the charge of desertion and returning his wages and effects, etc.**

**No. 20807.**

United States District Court
N. D. California, S. D.
April 28, 1955.

Ernest H. Norback, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Special Asst. to the Atty. Gen., Grayden S. Staring, Atty., Dept. of Justice, San Francisco, Cal., for the United States.

OLIVER J. CARTER, District Judge.

Petitioner is a seaman who seeks to recover a sum on deposit in the Registry of this Court; the sum represents wages that were due petitioner at the time he left the vessel MS Reef Knot at Yokohama, Japan. The master of the vessel logged petitioner as a deserter and paid his wages into the Registry of the Court, pursuant to 46 U.S.C.A. § 706. That section provides that wages forfeited for desertion are applied first to the payment of any expense incurred by the master or owner by reason of the desertion, and the balance is to be paid by the master to any shipping commissioner, who is to pay it to the district court.

The rule in this circuit is that the United States is a necessary party in this type of proceeding. Humes v. Alaska Transportation Co., 9 Cir., 180 F.2d 534, 536. Accordingly the United States has filed an answer praying that petitioner's wages be forfeited to the United States on the ground that petitioner deserted the MS Reef Knot.

Petitioner was flown from the United States along with the rest of the crew to join the Reef Knot in Yokohama. The vessel, an American flag vessel operated by Pope & Talbot, began the voyage in Yokohama, proceeded to various ports in the Orient, then returned to Yokohama on April 12, 1954. The crew was to be flown back to the United States on April 16, 1954. Petitioner left the Reef Knot on April 14, 1954 under circumstances which are in dispute. But it is undisputed that petitioner left the vessel after it was moored in Yokohama, which was the last port on the itinerary of the voyage, and for that reason this Court concludes as a matter of law that petitioner's acts could not have amounted to desertion.

Desertion is the unjustified quitting of a ship during the voyage with an intention not to return. The voyage is deemed to have ended, in this context, when the vessel is moored in the last port of the voyage. This doctrine received its classic statement in the opinion of Justice Story in Cloutman v. Tunison, C.C.D.Mass., 5 Fed.Cas., pages 1091, 1093, No. 2,907:

"But there must not only be a desertion, but the desertion must be in the course of the voyage, and before its termination in the home port, to justify an infliction of the forfeiture by the maritime law. It is not sufficient, that there has been a desertion after the voyage has ended; although it be within the period, for which the party is bound to do duty on board the ship. * * *

Now, when is the voyage ended, in the sense of the maritime law? I answer, when the ship has arrived at her last port of destination, and is moored in good safety in the proper and accustomed place."

This doctrine has been followed in numerous later cases, some of which are cited in The Pelotas, D.C.E.D.La., 21 F. 2d 236, 238–239, as authority for this rule:

"The voyage ends when the vessel is safely moored at her port of final destination and is ready for unloading." (Citations omitted.)

■ Therefore petitioner was not a deserter, and the sum in the Registry of the Court, representing his wages must be paid over to him in its entirety. It is not necessary to decide whether petitioner was guilty of some misconduct other than desertion, and this Court expresses no opinion on that issue; because if petitioner were guilty of some other misconduct, the money representing his wages would not have been paid into the Registry of the Court. After describing the disposition of wages forfeited for desertion, 46 U.S.C.A. § 706 provides:

"In all other cases of forfeiture of wages, the forfeiture shall be for the benefit of the master or owner by whom the wages are payable."

In practice, the master of the vessel determines whether some part of a seaman's wages should be forfeited for misconduct other than desertion, and the amount so determined is withheld when the balance of the wage is paid. If the seaman chooses to dispute the determination by the master, he can sue the master, the vessel or the owner for the amount he believes is due him, or make complaint to the appropriate officer as provided in Title 46 U.S.C.; but in that case the wages determined by the master to have been forfeited are not paid into the Registry of the Court.

The petitioner was erroneously logged as a deserter and therefore is entitled to a decree directing the Clerk of this Court to pay to him the sum deposited in the Registry of the Court. Counsel for petitioner shall prepare and present findings, conclusions and a decree in accordance herewith, and pursuant to Admiralty Rule 46½, 28 U.S.C.A.