Petition of George W. SCOTT, for an Order Setting Aside the Charge of Desertion and Returning his Wages and Effects, etc.

No. 20841.

United States District Court
N. D. California, S. D.
Aug. 8, 1956.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to the Atty. Gen., Reed M. Williams, Atty., Dept. of Justice, San Francisco, Cal., for the United States.

Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for petitioner.

OLIVER J. CARTER, District Judge.

Petitioner is a seaman who seeks to recover a sum on deposit in the Registry of this Court, the sum represents wages which were due petitioner at the time he left the vessel S. S. Sonoma at Auckland, New Zealand. The master of the vessel logged petitioner as a deserter and paid his wages into the Registry of the Court, pursuant to 46 U.S.C.A. § 706. That section provides that wages forfeited for desertion are applied first to the payment of any expense incurred by the master or owner by reason of the desertion, and the balance is to be paid by the master to any shipping commissioner, who is to pay it to the district court.

The rule in this circuit is that the United States is a necessary party in this type of proceeding. Humes v. Alaska Transportation Co., 9 Cir., 180 F.2d 534, 536. Accordingly the United States has filed an answer praying that petitioner's wages be forfeited to the United States on the ground that petitioner deserted the S. S. Sonoma.

Petitioner signed on the S. S. Sonoma as a messman in San Francisco for a voyage which would terminate in San Francisco. While in Auckland, New Zealand, he left the vessel under circumstances which are in dispute. He claims that he was assaulted and injured by other members of the crew at the instigation of the Chief Mate, and that, after failing to get any relief from the Captain, he left the vessel because he was in fear of his safety aboard the vessel. He testified to threats from deck crew members

to the effect that "he had better leave the vessel" and "men had been shoved through port holes for doing less." He further stated that he asked to be allowed to sign off the vessel voluntarily, but that the Captain ridiculed and ignored him.

The testimony of the Captain and one of the deck crew members was taken by deposition, and is contrary to that of petitioner at many material points. The only area of agreement is that there was an altercation between petitioner and deck crew members in which petitioner was struck and knocked down; that petitioner was examined by a physician and returned to the vessel as fit to continue the voyage, but not fit for immediate duty; that petitioner called the Auckland police and made charges against the Chief Mate and certain deck crew members; and that after investigation the Auckland police took no further action. The Captain testified that petitioner did not make any claim that threats were made against him, or that his safety was endangered, and that petitioner did not make any request to be allowed to sign off or leave the vessel. The crew member testified that he saw the altercation, but heard no threats against the safety of petitioner. He further testified that the altercation took place after petitioner "started cussing the boatswain out, or cussing him out like a dog."

The ship's log shows that the altercation took place; that it was investigated by the police and by the Captain; that petitioner was given medical treatment; that petitioner left the vessel without permission, taking with him his clothing and personal effects; and that the next day he was logged as a deserter.

■ Petitioner contends that his conduct of leaving the vessel without permission was excused because of the threats to his safety and the cruel treatment he received aboard the vessel. He argues that the Chief Mate was the instigator of the assault on him by members of the deck crew, and that therefore he was entitled to leave the vessel without being a deserter. There are a number of cases which discuss the circumstances under which a seaman is justified in leaving his vessel without permission when he has been subjected unjustly to cruel and oppressive treatment, and is put in fear for his personal safety because of conduct of the master or the ship's officers. See: The Alonzo, D.C. Me.1865, 1 Fed.Cas. page 555, No. 258, affirmed Bush v. The Alonzo, C.C., 4 Fed.Cas. page 880, No. 2223; Steele v. Thacher, D.C.Me.1825, 22 Fed.Cas. page 1204, No. 13,348; and other cases cited in note 6 to Section 701 of Title 46 U.S. C.A. The gist of these cases is that there is no voluntary desertion when a seaman leaves the vessel because of unjustly cruel treatment by his officers, or where he is justly in fear of his safety by reason of the cruel and oppressive conduct of his officers. This rule should be broad enough to cover a situation where the cruel or oppressive conduct of other crew members is carried on with the knowledge or consent of the ship's officers. This is not to say that every altercation or disagreement between crew members is justification for leaving the vessel without permission. The test is,—has the safety of the seaman leaving the ship been placed in jeopardy by cruel and oppressive treatment, and whether that condition has been caused by the ship's officers, or has been permitted to occur with the knowledge and consent of the ship's officers. This principle has been recognized in 46 U.S.C.A. §§ 682–685.

■ Petitioner has failed to meet this test. His claim that the altercation in which he was assaulted was instigated by the Chief Mate is not substantiated, nor is his claim that he feared for his personal safety justified. He was an articulate and aggressive witness. The testimony of the other crew member indicates that he was a contentious and argumentative person, and that the altercation was brought on by his own abusive language and conduct. From his conduct as a witness, and from the testimony of the other witnesses the Court finds that he did not ask the permission of the

Captain to leave the vessel, and that he left the vessel without intending to return. The Court further finds that he left the vessel without justification, and that neither the Captain nor the Chief Mate participated in or instigated the altercation in which the petitioner was assaulted. He did not attempt to seek the assistance of the American Consul in the port where the altercation took place, and while the vessel was in port, although he had ample opportunity. It is difficult to believe that a person of his aggressive attitude and articulate capacity would not have sought relief from the Consul if the Captain had refused to allow him fo leave the vessel voluntarily when he was in fear of his personal safety.

Under these circumstances it must be concluded that petitioner was a deserter and properly logged as such; that he forfeited his wages; that the wages so forfeited must be paid into the Treasury of the United States.

Counsel for the Government are directed to prepare and present findings, conclusions and a decree in accordance herewith.