**Petition of Stig H. R. KARLSSON, Seaman, for an Order setting aside the forfeiture of his wages, clothing and effects, for desertion.**

**No. 21671.**

United States District Court
N. D. California.

Aug. 7, 1969.

Marvin Stender, and Larry M. Starn, Daly City, Cal., of Jarvis, Miller & Stender, Inc., San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., John F. Meadows, Atty. in Charge, West Coast Office Admiralty & Shipping Section, San Francisco, Cal., Frederick F. Bur-

gess, Jr., Atty., Admiralty & Shipping Section, U. S. Dept. of Justice, San Francisco, Cal., for claimant.

## OPINION

LAYTON, District Judge.[*]

Petitioner signed ship's articles as an Assistant Electrician on the SS LANE VICTORY, on a voyage from California to Wilmington, N. C., and, thence, to Viet Nam and return. After leaving the Panama Canal westbound for Viet Nam, petitioner claimed to have developed a severe pain, congestion and/or cold in his chest which grew worse to the point that he was, with the consent of the Master, given a thorough medical examination at Subic Bay, Philippine Islands, and told to report the next day for such diagnosis and treatment, if any, as was required. Through the fault neither of petitioner nor the Master, the ship had to sail the next day and petitioner could not report back to the medical authorities. In Viet Nam, another medical examination indicated petitioner's chest condition was negative, but he still complained of pain, discomfort, etc., and asked the Master for permission to return home at his own expense. In accordance with this request, the Master agreed he could return home on his own initiative providing: (1) he paid his own transportation home; and, (2) obtained the discharge required of the United States Consul by 46 U.S.C. §§ 682 and 683. The Consul denied the request for discharge but petitioner, nevertheless, returned to the United States, was adjudicated a deserter by the ship's Master and in accordance with 46 U. S.C. § 701, his wages then earned were forfeited.

In accordance with settled practice, petitioner filed a petition for the return of $368.00, representing his forfeited wages. A full hearing, including oral testimony and the introduction of a number of exhibits, was held.

In general, the law governing this area requires a seaman on a foreign voyage to sign shipping articles. 46 U. S.C. § 564. This agreement constitutes the contract of employment between the Master and the seaman. The Seatrain New Orleans, 127 F.2d 878 (5th Cir. 1942). A seaman generally may not renounce his duties until the end of the voyage. Hamilton v. United States, 268 F.15 (4th Cir. 1920), or until formally discharged. A discharge in a foreign port, as in this case, is governed by 46 U.S.C. § 682, which reads:

"Upon the application of the master of any vessel to a consular officer to discharge a seaman, or upon the application of any seaman for his own discharge, if it appears to such officer that said seaman has completed his shipping agreement, or is entitled to his discharge under any Act of Congress or according to the general principles or usages of maritime law as recognized in the United States, such officer shall discharge said seaman, and require from the master of said vessel, before such discharge shall be made, payment of the wages which may then be due said seaman; but no payment of extra wages shall be required by any consular officer upon such discharge of any seaman except as provided in sections 658, 683, 684, and 685 of this title. R.S. § 4580; June 26, 1884, c. 121, § 2, 23 Stat. 54."

46 U.S.C. § 701 provides in effect that a seaman may not desert his ship without forfeiting his clothing left on board and all salary due up to that date.

Here I find, under the circumstances, that the Master was justified in logging petitioner as a deserter. Even so, a petitioner may present facts at a hearing of this nature for the purpose of showing a justification of his desertion or other misconduct. 1 Norris, The Law of Seamen, § 166 (1962). However,

[*] Sitting in the United States District Court for the Northern District of California by assignment.

**630**

"Once a seaman has been entered in the ship's log as a deserter, he has the burden of showing that he was wrongfully entered as such. * * * It is perhaps better stated that, when logged as a deserter, the log constitutes prima facie evidence of its truth and imposes upon the seaman the burden of going forward with the evidence." Kellar v. United States, 273 F.Supp. 945 (E.D.Va.1967).

but, as above stated, I have found no facts here justifying petitioner in deserting his ship.

On some occasions, however, in the exercise of their general equity powers, courts have refused to order a complete forfeiture of wages when extenuating circumstances were present.[1] For the following reasons, I refuse to declare petitioner's entire accrued wages forfeited. Petitioner is apparently an uneducated and unknowledgeable man who, as the result of a collapsed lung, had just reason to be fearful of chest colds, congestion, etc. While in Wilmington, N. C., his roommate was removed from the ship under circumstances justifying petitioner to believe he was suffering from tuberculosis. After leaving the Panama Canal westbound, another seaman, who had been suffering from some sort of lung congestion, died at sea. At or about this time, petitioner, I find, contracted a chest cold which, against the background of facts just recited, convinced him that he was much sicker than he was in fact. A good-faith effort by the Master to have petitioner examined and diagnosed in Subic Bay failed because the ship had to sail for Viet Nam early, but petitioner had been willing to submit to the examination. Moreover, I believe the ship's medical officer, in this case the Purser,[2] without medical justification, may have become convinced petitioner was malingering

and this feeling in turn may have been transmitted to the Master. And granting that the petitioner's conduct in leaving the ship in the face of (1) an X-ray taken in Vung Tau, Viet Nam, showing a clear lung, (2) the Master's warning and (3) the Consul's refusal to grant him a valid discharge was inexcusable, the fact remains that when he reported to the United States Health Service in San Francisco upon returning from Viet Nam, though treated on an out-service basis, he was diagnosed as having bronchitis.

For the above reasons, I declare forfeit only ½ the wages in question and request counsel to prepare an appropriate order in the light of this opinion.

This opinion shall constitute findings of facts and conclusions of law.

---

1. Humes v. Alaska Transp. Co., 180 F.2d 534 (9th Cir. 1950); England v. United States, Civil No. 16347 (W.D.Wash., filed November 24, 1958).

2. A reading of the Purser's deposition suggests he was an opinionated, rather cock-

sure sort of person who came to the conclusion that petitioner was malingering. Certainly, he had no medical background upon which to base such an opinion.