**LYKES BROTHERS STEAMSHIP COM-PANY, Inc., Plaintiff,**

v.

**The S. S. CENTERVILLE, etc., et al., Defendants.**

Civ. A. No. 69–G–19.

United States District Court,
S. D. Texas,
Galveston Division.

April 20, 1971.

M. L. Cook, Royston, Rayzor & Cook, Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., Steve Rice, Asst. U. S. Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

In this ship foreclosure proceeding, the question now presented is whether wages earned by alleged deserters may prime the preferred ship mortgage. The mortgagee contends that the amount should be applied to the debt. This position is opposed by the United States, which has an interest in the fund sufficient to confer standing. Humes v. Alaska Transportation Company, 180 F. 2d 534 (9th Cir. 1950).

The wages earned and owing to a deserting seaman are subject to forfeiture. 46 U.S.C. § 701. After payment of such expenses as may be occasioned by the unauthorized absence, the balance of the wage is paid to the shipping commissioner and remitted by him to the registry of the United States District Court for disposition "in the same manner as is prescribed for disposal of the money, effects, and wages of deceased seamen." 46 U.S.C. § 706. By reason of judicial gloss upon the statute relating to the unclaimed wages of deceased seamen, the practice in the case of a deserter has been to pay his wages into the registry and, if unclaimed within six years, into the United States Treasury as a sort of escheat for the relief of sick, disabled, and destitute seamen of the merchant marine. 46 U.S.C. § 628. Cf. In Re Bedzik, 151 F.Supp. 140 (D.Md 1957). During the time period provided, a seaman wishing to assert a claim to his wages, and to challenge his classification as a deserter, may file a petition setting forth his contentions. 46 U.S.C. § 705. If successful, the balance will be paid to the seaman instead of the Treasury. In Re Zanicki, 65 F.Supp. 447 (D.Mass.1946).

In the instant case, four seamen allegedly deserted during the last voyage of the ship preceding her seizure and sale. The absences were duly logged and, upon termination of the voyage at Houston, the master prepared an account of wages and effects and filed it with the shipping commissioner, who in turn filed it with the Clerk of the Court. This account reflects that wages were earned by William P. Hopkins in the amount of $35.68, Robert A. Van Cise in the amount of $1,161.70, William R. Hall in the amount of $479.25, and Henry Meza in the amount of $49.57. Of the four, only Van Cise has to date advanced a claim in the proceeding. C.A. No. 69–H–5, consolidated herein.

Mortgagee argues that the fund in contention is not composed of wages, but instead represents a penalty measured by wages. From this denomination as a penalty, coupled with the mortgagee's non-complicity in the desertion, it is said to follow that the claim is not a preferred maritime lien and will not prime the mortgage. However, characterization as a penalty vis-a-vis a wage, with any implication derived therefrom, is not availing when measured against the plain terms of the statutes noted above. The amounts in question were earned by seamen prior to their departure, and are wages of the crew in contemplation of the ship mortgage act as well as the desertion statute. Congress plainly decreed that such wages should be disposed of in the manner prescribed, and made no exception for the case of mortgaged vessels.

Accordingly, it is ordered that an amount equal to the wages in issue shall be retained in the registry of the Court, there to be held pending disposition of such claims as have been filed or may be filed by the allegedly deserting seamen. Thereafter, the residue shall be disbursed to the Treasury of the United

States to be paid into the fund for the relief of sick, disabled and destitute seamen. The United States Attorney shall submit a proposed order consistent herewith, after approval as to form by counsel for the mortgagee. The Clerk shall send copies of this Memorandum and Order to all counsel.