## DENNY ET AL. v. STATE OF INDIANA.

[No. 23,726. Filed January 7, 1921.]

1. CRIMINAL LAW.—*New Trial.*—*Newly-discovered Evidence.*— Where it appears that the defendants had a preliminary hearing within two months after the commission of alleged larceny of tires and within three months thereafter were indicted and convicted in the criminal court under a charge stating specifically the date of the offense, during which time they were at liberty on bail, that the date alleged was the only date testified to by any witness, that they failed to offer any evidence of being elsewhere, but merely denied being present and taking part in the crime, that they testified that the tires were put on their automobile by a man in whose home other stolen tires were found, and that they were represented by

the same attorney in both hearings, the affidavit of one of the defendants, made five months after the indictment, stating his inability to remember until after the trial that he was in jail on the date of the offense, with an affidavit of the sheriff that a man of the same name was in jail on such date, is insufficient to warrant a new trial on the ground of newly-discovered evidence. p. 79.

2. CRIMINAL LAW.—*Prejudicial Cross-examination by the State. Effect.*—Though persistent, incompetent and prejudicial cross-questions by the state's attorney, to which objections were sustained, might constitute reversible error, such is not the rule where it appears that only one incompetent question was asked each of four witnesses and it does not clearly appear that they were asked in bad faith, nor that the defendant was prejudiced thereby. p. 80.

3. CRIMINAL LAW.—*Motion for New Trial.—Failure to Include Matter Complained of.*—A complaint by the accused of an answer by a witness presents no question where it appears that the question referred to in the motion for new trial was not answered, and the answer in response to a different question was not referred to in such motion. p. 81.

4. CRIMINAL LAW.—*Evidence.—Rebuttal.*—Where the accused, to meet the state's testimony that stolen tires were carried away in an automobile of a certain make, introduced testimony that they had not bought such automobile until after the date of the offense, a declaration by one of the accused, prior to the offense, that he was thinking of buying the automobile and was to try it out before deciding, was admissible to rebut the defense and not merely impeaching. p. 81.

5. CRIMINAL LAW.—*Evidence.—Rebuttal.—Discretion of Court.* —It is within the discretion of the trial court to permit further evidence to be given on rebuttal which should properly have been given in chief, and there was no error in admitting such evidence where it does not appear that the defendants sought to introduce any further evidence in defense thereof or were denied the privilege of introducing such evidence. p. 81.

6. CRIMINAL LAW.—*Evidence.—Conversation with Counsel.—Admissibility.*—The objection to a question of the defendants' counsel concerning the time when the witness spoke to such counsel at the hearing in police court was properly sustained, since, the conversation not being admissible, the time was immaterial. p. 82.

7. CRIMINAL LAW.—*Conversations about Tires not Subject of Larceny.—Admissibility.*—In the trial of defendants for larceny of tires, a conversation between witnesses, in the presence of one defendant, concerning the purchase of tires several months

before the alleged offense, which conversation did not relate
to the stolen tires, was properly excluded.   p. 82.

8.   CRIMINAL LAW.—*Cross-examination of Accused as to other
Indictment.—Discretion of Court.*—The control of the cross-
examination of witnesses rests largely in the sound legal dis-
cretion of the trial court, and such discretion is not shown to
have been abused in permitting cross-examination of an accused
and one of his witnesses concerning indictments for another
crime pending against them, where it is not shown that the
court did not limit the consideration of the evidence to the
question of the credibility of the witnesses, since the Supreme
Court will presume that the trial court did whatever was
required in that respect.   p. 82.

From Marion Criminal Court (49,723); *James A.
Collins,* Judge.

Prosecution by the State of Indiana against Andrew
Denny and Alfred Brown.   From a judgment of con-
viction, the defendants appeal.   *Affirmed.*

*Clyde E. Baker* and *Frank P. Baker,* for the appel-
lants.

*Ele Stansbury,* Attorney-General, and *Remster A.
Bingham,* for the state.

EWBANK, J.—The appellants were jointly convicted
upon an indictment charging them with having stolen
certain automobile tires on March 8, 1919.   They
jointly moved for a new trial for reasons set out in the
motion, and the overruling of such motion is the only
error assigned on appeal.

The defendants were arrested on April 14, 1919, and
had a preliminary hearing in the police court some days
later.   They were indicted on May 29, 1919, the indict-
ment setting out specifically the date of the alleged
larceny as being March 8, 1919.   The trial was had
on October 27 and 28, 1919, and the verdict
was returned on the latter date.   Some of the wit-
nesses could not remember the date when the tires
were taken, but all said that it was late at night on

Saturday or Sunday, about March 8, 1919. Appellants filed their motion for a new trial on November 13, 1919, and filed with it certain affidavits of the appellant Brown and another, sworn to on November 11 and 13, respectively. It is urged that the trial court should have granted a new trial on the ground of newly-discovered evidence, as shown by these affidavits. But it appears from the record and from the affidavits that the defendant Brown was out on bond from the time of his arrest until the date of the trial, and that he was present in court throughout the trial. And the alleged newly-discovered evidence is that "one Alfred Brown" was in jail in Newcastle, in Henry county, from the afternoon of March 8, 1919, until the morning of March 10, 1919, being from Saturday afternoon until Monday morning, and on the latter date was fined for a violation of the Automobile Speed Law, and that the sheriff of Henry county will so testify. The only excuse offered for not producing this evidence at the trial is that affiant "made diligent effort to recall his whereabouts on said nights and made diligent efforts to learn of his whereabouts on said night, that he made inquiry and consulted his friends and acquaintances in his effort to recall his whereabouts, that he consulted such memoranda as he had in his effort to fix his whereabouts, but notwithstanding this diligence affiant did not recall that he had been in jail in Newcastle, Indiana, and he did not inform his counsel of the fact, and his counsel did not know that he had been in jail in Newcastle." Aside from the fact that the sheriff of Henry county does not profess in any way to identify appellant Brown as the man who was in jail, but only swears that "one Alfred Brown" was confined therein, we think that in view of the time which elapsed after the arrest and indictment of appellant before his trial, during which he was at

liberty on bail, and the fact that the precise date sworn to by those witnesses who gave any date, in answer to direct questions asked by the prosecuting attorney, as the date of the larceny, was stated in the indictment, and that it affirmatively appears that the same attorney who defended appellants in the criminal court also appeared for them in the police court, before the indictment was returned, the affidavits fail to show sufficient diligence to entitle appellants to another hearing. Appellants both testified in their own defense at the trial, and offered no evidence whatever of being at any other place at the time of the larceny, but only denied that they were present and took part in stealing the tires. Some of these tires were found on an automobile which belonged to and was driven by appellants at the time they were arrested, and appellants testified that these tires were put thereon by the man in whose house more than a dozen other automobile tires stolen at the same time were found. The affidavits failed to show sufficient cause for granting a new trial.

Four different witnesses were asked questions on cross-examination to which objections were sustained by the court, and the questions were not answered. 2. It is insisted that these questions were prejudicial to the defense, whether objections were sustained or not. And it is charged that the prosecuting attorney sought by such questions to suggest to the jury facts which it was not competent to prove, in order to prejudice them against the appellants. A prosecuting attorney might be guilty of such misconduct, in persistently asking a succession of incompetent and prejudicial questions, as to call for a reversal of the judgment in case of a conviction. But only a single question so objected to was asked of each witness, and it is not clear that the prosecuting attorney was guilty of bad faith in asking them, nor that

appellants were prejudiced. We do not think that such an abuse of the privilege of cross-examination nor of the discretion of the trial court in controlling it is shown in this case as to call for a reversal of the judgment.

Complaint is made of the answer of a witness to the effect that he met the appellant Denny on the evening that the tires were stolen, and they made two 3. deliveries of whisky. But it appears that the question referred to in the motion for a new trial was never answered at all, and that the answer, given in response to a different question, is not in any way referred to in said motion. No question is presented with reference to the giving of this answer.

At the trial the defendants introduced a number of witnesses and a bill of sale in an effort to prove that the appellants did not get possession of the Na-4. tional automobile owned by them until a day or two after the time when the tires were stolen, as tending to dispute the evidence of the prin-5. cipal prosecuting witness that they carried the tires away in a National automobile at the time of the larceny. On rebuttal the prosecuting witness was asked concerning a conversation between himself and either or both of the appellants, while riding in the National automobile prior to the time the tires were taken, to the effect that appellant Brown was thinking of purchasing a car and was to try it out for a time before he decided whether or not to purchase it. It is urged that this was a mere impeaching question. But, being in the nature of an admission by appellants, it is not open to that objection. It clearly went in rebuttal of a large amount of evidence offered by the appellants. And, even if it should be deemed a part of the case in chief for the state, it was within the discretion of the trial court to permit further evidence to be given

on rebuttal which should properly have been given in chief, and it does not appear that the appellants sought to introduce any further evidence in defense, or that they were denied the privilege of presenting their defense in full.    There was no error in this ruling.

The objection to a question asked by counsel for appellants of the witness Harry Lee concerning the time when he spoke to appellants' attorney on the occasion of the hearing in police court was correctly sustained. His conversation with the attorney was not admissible in evidence, and when it took place was not material.

6.

Appellants sought to prove by a witness an alleged conversation between him and another witness, in the presence of the appellant Denny, with reference to buying automobile tires, several months before these tires were stolen, which conversation it was admitted did not relate to the stolen tires at all. The court did not err in excluding the offered testimony.

7.

Upon cross-examination of one of the appellants he was asked: "You are now under indictment in the United States District Court under charge of violating the liquor law?" And upon cross-examination of a witness for the defendants he was asked: "Are you under indictment now in the Federal Court?" To the first question the objection was interposed that an answer thereto would prejudice the defendants in the eyes of the jury, and to the second question it was objected that an indictment is only a charge against the party, and that the only proper question to the witness on cross-examination is whether he has been arrested and convicted.   Each objection was overruled, and, over an exception reserved by the appellants, each question was answered in the affirmative.

8.

The control of the cross-examination of witnesses rests largely in the sound legal discretion of the trial

court. It does not appear but that the court, by its instructions, duly limited the jury in its consideration of this evidence to the single question of the credibility of these witnesses, respectively, nor that it refused to give instructions to that effect asked by the appellants, and we must presume that it did whatever the law required in that respect. The discretion of the trial court is not shown to have been so abused in permitting this cross-examination as to constitute reversible error. *Vancleave* v. *State* (1898), 150 Ind. 273, 275, 49 N. E. 1060; *Pierson* v. *State* (1919), 188 Ind. 239, 244, 123 N. E. 118; *Parker* v. *State* (1894), 136 Ind. 284, 288, 35 N. E. 1105.

The appellants were found in possession of two of the stolen tires, using them on an automobile, and were shown to have been on terms of intimacy with the man who had sold two others of the tires, and who testified that he and the appellants together stole all of them. And it was shown without dispute that they were working with and for the man in whose possession a dozen of the stolen tires were found, five of them being on his automobile and the others in his attic, in the country, nine miles from Indianapolis. The explanation offered by the appellants of their possession of the stolen tires failed to convince the jury. The case appears to have been fairly tried, and the judgment should be upheld.

The judgment is affirmed.