## JACKSON *v.* STATE OF INDIANA.

[No. 28,937.   Filed May 25, 1953.   Rehearing denied
June 18, 1953.]

454

*Howard R. Hooper,* of Indianapolis, for appellant.

*J. Emmett McManamon,* former Attorney General, and *John Ready O'Connor, William T. McClain* and *Thomas J. Faulconer, III,* Deputy Attorneys General, for appellee.

BOBBITT, C. J.—Appellant was charged by affidavit in three counts, with the offenses of burglary in the second degree, automobile banditry and grand larceny. The original affidavit was filed May 18, 1949, amended November 5, 1949, and subsequently amended November 24, 1951, by adding thereto count four which charged appellant with burglary in the second degree, and further charged that he had been twice convicted and imprisoned in penal institutions in the state of Indiana.

Count four of the affidavit, as amended, omitting formal parts, is as follows:

"BE IT REMEMBERED, That, on this day before me, Frank H. Fairchild, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came Daniel T. Veza, who, being duly sworn, upon his oath says that PERRY JACKSON alias HARRY L. SMITH alias DONALD KIRK, on or about the 11th day of May, A. D. 1949, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the building and storeroom owned and operated by Joel E. Baker and Maxine J. Baker, doing business as Bakers Liquor Store, situated at 443 North Highland Street, City of Indianapolis, County of Marion, which said building and storeroom was

not then and there a part of any dwelling and was not a place of human habitation with the intent to commit a felony therein, to-wit: unlawfully and feloniously to take, steal and carry away the goods, chattels and personal property of said Joel E. Baker and Maxine J. Baker, doing business as Bakers Liquor Store, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

"The Affiant aforesaid, upon his oath aforesaid, further says that heretofore, to-wit: that on or about the 25th day of April, A. D. 1938 the said PERRY JACKSON alias DONALD KIRK was charged in a certain criminal action in the Criminal Court of Marion County and State of Indiana, in an action in the Criminal Court entitled: State of Indiana vs. PERRY JACKSON alias DONALD KIRK, with the commission of a felony, namely, Second Degree Burglary, being known as Cause No. 71956, and that the said PERRY JACKSON alias DONALD KIRK, on or about the 28th day of April, 1938, was brought before the Criminal Court of Marion County, State of Indiana, and that on said date and in said Court, the defendant said PERRY JACKSON alias DONALD KIRK, plead guilty to said charge, and that upon said plea, the Judge of Criminal Court of Marion County, State of Indiana, found the said PERRY JACKSON alias DONALD KIRK, guilty as charged in said affidavit, and that the said PERRY JACKSON alias DONALD KIRK was convicted on the charge of Second Degree Burglary and sentenced and imprisoned in Indiana Reformatory of the State of Indiana by the judgment of said Criminal Court of Marion County, State of Indiana, for said offense of Second Degree Burglary for a term of two (2) to five (5) years and that there was no appeal from the judgment of the said Criminal Court of Marion County, State of Indiana, and that said judgment remained in full force and effect. The Indiana Reformatory of the State of Indiana being a penal institution for felonies; and that the said PERRY JACKSON alias DONALD KIRK, convicted as aforesaid in

the Criminal Court of Marion County, State of Indiana, and the said PERRY JACKSON alias HARRY L. SMITH alias Donald Kirk, the defendant, herein is one, identical and the same person.

"The affiant aforesaid, upon his oath aforesaid, further says that heretofore, to-wit: on or about the 7th day of March, A. D. 1944, the said PERRY JACKSON was charged in a certain criminal action in the Criminal Court of Marion County, State of Indiana, the same being Cause No. CR. 772, and being entitled: State of Indiana vs. PERRY JACKSON, with the commission of a felony, namely, Second Degree Burglary, and that the said PERRY JACKSON, appeared in the Criminal Court of Marion County, State of Indiana, on or about April 16, A. D. 1944, and plead guilty to said charge, and that upon said date, and on the plea of guilty, the said PERRY JACKSON was found guilty by the Judge of the Criminal Court of Marion County, State of Indiana, and the said PERRY JACKSON was convicted, sentenced and imprisoned in the Indiana State Prision of the State of Indiana, the same being a penal institution for felonies by the Judge of the Criminal Court of Marion County, State of Indiana, for said offense of Second Degree Burglary for a term of two (2) to five (5) years, and that the judgment aforesaid of the Criminal Court of Marion County was never appealed from and said judgment remains in full force and effect and that said PERRY JACKSON convicted as aforesaid in said Marion County Criminal Court, County of Marion, State of Indiana, and PERRY JACKSON, alias HARRY L. SMITH alias DONALD KIRK, herein is one, identical and the same person.

"The affiant aforesaid, upon his oath aforesaid, further says that by reason of premises as hereinbefore specifically set out the said PERRY JACKSON alias HARRY L. SMITH alias DONALD KIRK, defendant herein, has been twice convicted and imprisoned in the penal institutions of the State of Indiana as heretofore specifically enumerated for felonies by him committed, then and there being contrary to the form of the statute in such case made and provided, and

against the peace and dignity of the State of Indiana."

Three errors are assigned.

1. The overruling of appellant's motion for a new trial.

2. The overruling of appellant's motion in arrest of judgment.

3. That the judgment of the trial court is void and of no force and effect.

Appellant's motion for a new trial contains seven specifications or grounds therefor.

We shall consider these in the order of their importance.

*First:* By specification 4 appellant asserts that the trial court erred in overruling his motion for discharge because two terms of court had passed "before or since the affidavit charging him with being an habitual criminal was filed and during all of said time he was confined in jail, awaiting trial." Appellant's motion for discharge asserts that he was detained in the Marion County jail "on the charges herein" for a continuous period of more than two terms of court before the affidavit "now on file against him was first filed;" that he had been detained in jail without a trial for a period of two years and six months embracing a period of more than two terms of court; and that the delay in appellant's trial was not due to any act or fault of his.

The part of Acts 1927, ch. 132, §12, p. 411, being §9-1402, Burns' 1942 Replacement, applicable here is as follows:

"And no defendant shall be detained in jail, without a trial, on an indictment or affidavit, for a continuous period embracing more than two [2]

terms after his arrest and commitment thereon; or if he was in jail at the time the indictment was found or affidavit filed, more than two [2] terms after the term at which the indictment was found or the affidavit first filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such terms: . . ."

The terms of the Marion Criminal Courts commence on the first Mondays of January and July of each year, and each term continues for six months. Acts 1919, ch. 187, §1, p. 748, §4-2309 Burns' 1946 Replacement.

Appellant was arrested and confined in the Marion County jail on May 11, 1949, and was in jail at the time the original affidavit was filed against him on May 18, 1949 in the January term, 1949.

Since appellant was in jail at the time the affidavit was filed the discharge statute (§9-1402, *supra*) would not commence to run in his favor until the July term, 1949.

It is shown by the record that the delay in appellant's trial was caused in the July term, 1949; the January term, 1950; the July term, 1950; and the July term, 1951, either by a continuance on his own motion or by some other act on his part.

Appellant has failed to sustain the burden of showing that his trial was not delayed by any act of his for a continuous period embracing more than two terms of court after the term in which the affidavit was filed. It was not error under the circumstances herein to overrule appellant's said motion for discharge.

*Second:* By specification 1 of his motion for a new trial, appellant asserts that the trial court erred in overruling his verified motion for a change of venue from the county. The granting of a change in venue from the county in prosecutions for

felonies not punishable by death, is within the sound discretion of the trial court. *Kennedy* v. *State* (1936), 209 Ind. 287, 295, 196 N. E. 316; *Pindell* v. *State* (1925), 196 Ind. 175, 181, 147 N. E. 711; *Conrad* v. *State* (1896), 144 Ind. 290, 295, 43 N. E. 221.

Appellant's affidavit for a change of venue alleged that he could not have a fair trial in Marion County, Indiana, because of excitement and prejudice against him and in support of this allegation filed, as Exhibits "A" and "B" to the petition, certain articles which had appeared in the Indianapolis News between March 1 and 4th, 1952. The state filed counter-affidavits of twenty-six persons saying that they had read the said newspaper articles and that they had incurred no bias or prejudice against appellant by reason thereof, nor did they know of any existing within Marion County. This situation presented an issue of fact to be determined by the trial court and its ruling thereon is conclusive on appeal. *Kennedy* v. *State* (1936), 209 Ind. 287, 295, 196 N. E. 316, *supra; Hinshaw* v. *State* (1919), 188 Ind. 447, 457, 124 N. E. 458; *Conrad* v. *State* (1896), 144 Ind. 290, 43 N. E. 221, *supra.*

The overruling of appellant's motion for a change of venue from the county was not reversible error.

*Third:* Specifications 2 and 3 involve substantially the same question and will be considered together.

By specification 2 appellant asserts that the trial court erred in permitting Ward Lane, superintendent of the Indiana Reformatory, a witness for the state, to testify regarding facts obtained from certain uncertified records of the reformatory when he had not personally kept such records. The same question is presented by specification 3, except that it relates to

Burt Rudical, parole officer for the Indiana state prison, a witness for the state.

The witness Lane testified that as superintendent of the reformatory he had the care and custody of the records of the institution, that he had examined such records as they pertained to Perry Jackson for the purpose of refreshing his memory.

The witness Rudical testified that he had brought with him certain records of the prison and that he had examined them with regard to the period of time that the appellant was confined in the Indiana state prison.

The witness Lane also testified that he was acquainted with defendant (appellant) Perry Jackson and that he was an inmate of the Indiana reformatory from April 27, 1938 to January 26, 1943, and further that the Perry Jackson to whom he referred as having been in the reformatory for such period of time is the same person as the defendant (appellant) who was then in the courtroom, and that he identified defendant (appellant) as being the same person as the Perry Jackson who was in the reformatory for the period above mentioned from his "recollection of him being in the institution and the photograph we have here of him."

Rudical further testified that he had been connected with the Indiana state prison since October 31, 1933; that he remembered the defendant (appellant) Perry Jackson "when he was an inmate of our institution;" and that he was a member of the inmate body from February or April of 1944 to December of 1947. After examining certain prison records which he had with him, the witness testified that Perry Jackson was received at the prison on April 13, 1944 and was released on April 24, 1948.

The situation here, we believe, falls squarely within the question before this court in *Sammons* v. *State* (1936), 210 Ind. 40, 199 N. E. 555. In the case at bar, as in that case, the prison officials identified the defendant (appellant) as the same person who served a sentence in the penal institutions with which they were connected; and as was held in the Sammons case, this evidence was sufficient to identify the appellant herein as the same person who was convicted, sentenced and imprisoned under former charges as alleged in the affidavit.

It appears from the record herein that any reference to the prison records by either of these witnesses was for the sole purpose of refreshing his memory, and the evidence adduced from reference to such records was not required to establish the identity of appellant as the person who had served a term in the reformatory and state prison in view of the testimony given by these witnesses without reference to such records. At most, the evidence produced as a result of reference to said records was only corroborative or cumulative and no reversible error was committed by its admission. *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E. 2d 519; *Hanks* v. *State* (1948), 225 Ind. 593, 76 N. E. 2d 702.

See also: 116 A. L. R. Anno., p. 232(4) ; 82 A. L. R. Anno., p. 373(4).

*Fourth:* Specifications 5, 6 and 7 of appellant's motion for a new trial presents substantially the same question and they will be considered together.

Appellant contends that the court erred in overruling his motion for a directed verdict for the defendant (appellant) at the close of all the evidence, and that the verdict is not sustained by sufficient evidence and is contrary to law because (1) the state

failed to properly identify appellant, Perry Jackson, as being the same person as the Perry Jackson who was convicted and sentenced to the Indiana reformatory and the Indiana state prison for the offenses and for the periods mentioned in amended count 4 of the affidavit; and (2) for the reason the state failed to prove the former convictions as alleged in the affidavit; and (3) for the further reason that the state failed to show that Joel E. and Maxine J. Baker owned the building and storeroom described in the amended affidavit.

(1)    (2)    In addition to the testimony of Ward Lane, superintendent of the Indiana reformatory, and that of Burt Rudical, a parole officer of the Indiana state prison, which is recited hereinabove, Earl Booth, a member of the Indianapolis police force, testified as a witness for the state that he was a police officer in April of 1938; that on or about April 28, 1938 he was in the Marion County Criminal Court in connection with a burglary case against Perry Jackson, and that the Perry Jackson who was on trial on April 28, 1938 was the same person as the Perry Jackson who was sitting in the courtroom at his trial for second degree burglary under the affidavit herein.

The state's exhibit 3, which is a portion of page 9 of Order Book 92, of the records of Criminal Court of Marion County was introduced and read into evidence. Said exhibit shows that Perry Jackson alias Donald Kirk plead guilty to a charge of second degree burglary in Cause No. 71956 in said court on April 27, 1938, and sentenced to the Indiana Reformatory for a term of not less than two, nor more than five years and that the sheriff of Marion County was charged with the execution of the judgment.

Edward F. Moore, a member of the Indianapolis police force, testified as a witness for the state that

he was a detective sergeant of the Indianapolis police department in April of 1944; that he was acquainted with appellant; that he was present in the Marion County Criminal Court in April, 1944, concerning a burglary charge against Perry Jackson; that Perry Jackson appeared in said court at said time and plead guilty to a charge of burglary in the second degree, and that appellant and Perry Jackson who plead guilty to a charge of second degree burglary in April, 1944, are the same person.

State's exhibit No. 4 which is p. 158 of Order Book 98 of the records of the criminal court of Marion County was introduced and read into evidence. This exhibit shows that Perry Jackson appeared in the Marion Criminal Court on April 6, 1944 and entered a plea of guilty to a charge of second degree burglary and was sentenced to the Indiana state prison for a term of not less than two, nor more than five years, and disfranchised for a period of five years, and that the sheriff was charged with the execution of the judgment.

The evidence above recited, together with the testimony of the witnesses, Ward Lane and Burt Rudical, is sufficient to prove both the identity of appellant and his former convictions as alleged in the affidavit.

(3) The affidavit alleges that the building and storeroom was owned and operated by Joel E. Baker and Maxine J. Baker, doing business as Baker Liquor Store situated at 443 North Highland Street, Indianapolis, Marion County, Indiana.

Joel E. Baker testified that he and his wife, Maxine J. Baker, owned and operated the Baker Liquor Store, and that he leased the space in the building at 443 North Highland Street occupied by the Baker Liquor Store. This was sufficient to es-

tablish the charge in the affidavit that Joel E. Baker and Maxine J. Baker owned and operated the liquor store at 443 North Highland Street, Indianapolis, Marion County, Indiana. *Radley* v. *State* (1910), 174 Ind. 645, 648, 92 N. E. 541; *Kennedy* v. *State* (1882), 81 Ind. 379, 381.

The evidence is sufficient to sustain the verdict of the jury and it is not contrary to law.

*Fifth:* By his assignment of error number 2 appellant asserts that the court erred in overruling his motion in arrest of judgment because the affidavit was sworn to before John H. Daily, Deputy Prosecuting Attorney, 19th Judicial Circuit, and not by the prosecuting attorney. This was a valid verification.

It is specifically provided by statute in Indiana that deputy prosecuting attorneys may take and certify affidavits, and administer all oaths which are convenient and necessary to the discharge of their official duties. Acts of 1901, ch. 30, §1, p. 38, §49-2506, Burns' 1951 Replacement; Acts 1945, ch. 78, §1, p. 169, §49-2507, Burns' 1951 Replacement; *Lencionia* v. *State* (1929), 200 Ind. 528, 530, 164 N. E. 271.

*Sixth:* The question which appellant has attempted to raise by assignment number 3 is directed to the form of the judgment. The record discloses no objection to the form of the judgment in the trial court and there was no motion to modify the judgment to make it conform to the requirement of the statute.

*Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820, involved a similar question, and at p. 665 of 150 Ind. this court said:

"Appellant made a general objection to the judgment, but did not point out any specific objection thereto, or move to modify the same so as to con-

form to the verdict. It is settled law in this State that the form or substance of a judgment cannot be first questioned in this court, but the question must be first presented to the court below by a motion to modify, which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. If the court rules against the party asking such correction, such ruling of the court below must be assigned as error in this court. Unless this is done no objection can be made available for reversal here, however erroneous in form or substance such judgment may appear to be."

See also: *Skaggs* v. *State* (1886), 108 Ind. 53, 8 N. E. 695; *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 648, 177 N. E. 454.

For the reasons above stated no question is here presented by appellant's assignment number 3.

We have considered all questions raised by appellant and find no reversible error.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 433.