BROWER *v.* STATE OF INDIANA

[No. 29,319. Filed November 19, 1956.]

*Alva J. Rucker, A. F. Zainey,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant, John Robert Brower, and his wife, Phyllis Ann Brower, were charged in a single indictment with second degree murder of one Charles Preston Hagan. At the conclusion of the state's case in chief, the charge was dismissed against the wife. The jury at the conclusion of the trial returned a verdict of guilty of murder in the second degree as charged against the appellant, and that his age was 31 years. He was sentenced to life imprisonment. This appeal follows that judgment.

The state points out that the brief of appellant is deficient in many respects. The brief of the appellant is not prepared as we would have desired, and as a result is not as helpful as it could have been had the rules of this court been more carefully followed. The assignment of errors is not set forth as a whole in any place in the brief, although purported parts of it are stated at various places where points are taken up in the argument. The motion for new trial is not set forth in such form that it can be given the best consideration in the brief. The argument portion

of the brief contains numerous repetitions making it unnecessarily voluminous and difficult to follow. However, feeling that a good faith attempt has been made to present this appeal to us, we have overlooked these derelictions in the briefs with the hope that by pointing them out, more care will be devoted to a proper presentation of points raised on appeals in the future.

One of the first contentions made by the appellant is that he was not granted a separate trial. The record shows that only his wife, a codefendant, asked for a separate trial, and that the appellant did not request a separation. It is fundamental, and needs no citation of authority that one cannot complain of any action of the trial court if proper and timely objection is not made thereto, and the objection saved for an appeal.

A second contention is that the trial court erred in overruling appellant's petition for allowances of attorney's fees for his defense. The record shows appellant was represented at all times by an attorney, and that he was not deprived of counsel by the ruling of the court denying the allowance. The record further shows there was a hearing on the petition, but the evidence heard has not been brought into the record and brief. We cannot charge a court with error or even consider the point as a result of such omissions. Acts 1951, ch. 84, §1, p. 262, being §4-2316, Burns' 1946 Replacement, (1955 Supp.) ; *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915.

The main contentions of the appellant are that the verdict is not sustained by sufficient evidence, and there was error in the alleged consideration by the jury of certain statements in writing in the way of a confession made by the wife.

All these points will be considered together, and for that purpose it is necessary to summarize the salient facts upon which our opinion is reached.

On September 14, 1954, the appellant and his wife, in the early afternoon went to the Club Savoy Tavern at 25th and Martindale, in Indianapolis, where they purchased one-half pint of gin, and started drinking. They were later joined by Charles Hagan (the deceased) and another man, claimed to be a stranger known only as Joe, or William Joe, to the appellant and wife. This was a place apparently frequented by both white and colored patrons. These four people continued to drink heavily. They left the tavern, and drove about in the car of the appellant, drinking, arguing, and quarreling. The two companions of appellant and his wife from time to time openly made indecent approaches and proposals to her. This does not appear by any evidence to have been resented or opposed by the husband. Still drinking, they finally drove to a secluded spot near 16th and Franklin Road about dusk. All the parties got out of the car. There is evidence that appellant started a fight, and finally all three men engaged in the fight; that Hagan was left stabbed and dying. After the others drove away, Joe got out to call an ambulance, but never was seen thereafter, and has never been heard from since. The appellant and his wife returned finally to their home, and the next day went to the sheriff's office after they learned of a radio report of the discovery of the deceased's body, and that they were wanted.

Most of the argument in appellant's brief centers about two written statements of appellant's wife, marked state's Exhibits 4 and 5, introduced in the evidence against her while she remained under indictment at the trial. At the time of the introduction of these exhibits, the court instructed the

jury that they were not to be considered in arriving at a verdict on the charge against the appellant, and they should disregard the statements as any evidence against the appellant. After the charge was dismissed against the wife of appellant, she was called as a witness *on behalf of the appellant,* and was directly examined by appellant's counsel regarding all the events, and incidents concerning the death of Hagan. In her testimony she stated that although her husband, the appellant, engaged in a fight with the deceased, that the stranger known as Joe, actually did the stabbing which resulted in the death of Hagan, and that this was the same story she had told Deputy Sheriff Linehan (who took the statements, state's Exhibits 4 and 5). This opened up for cross-examination any conflicting statements and stories on that subject matter, which she had previously made, including the two written statements previously introduced in the evidence in her case. The state was entitled to, and did cross-examine her upon such matter, particularly that part in a statement in which she had previously stated her husband had stabbed the deceased with a screw driver taken by him from the glove compartment of his car. Her conflicting statements and testimony were a matter for the jury to resolve to its satisfaction.

There is no error on the part of the court in permitting this cross-examination. Where a part of a conversation is brought out on direct examination, the whole may be gone into on cross-examination. It is well-settled that a witness may be cross-examined as to statements made that conflict with those made upon direct examination. *Bedgood et al.* v. *The State* (1888), 115 Ind. 275, 17 N. E. 621; *Gemmill* v. *The State ex rel. Brown* (1896), 16 Ind. App. 154, 43 N. E. 909; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601; *Pollard* v. *State* (1950), 229 Ind. 62, 94 N. E.

2d 912; *Kelley* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547; *Gibbs* v. *State* (1917), 186 Ind. 197, 115 N. E. 584; 58 Am. Jur., Witnesses, §669, p. 367.

The record further shows that upon cross-examination of a state's witness, Deputy Sheriff Linehan, by appellant's counsel, the witness was asked and testified:

"Q. You mean to say that you believe John Brower committed a crime just on the strength of having a screw-driver?

"A. And from what Ann Brower told me.

"Q. That Ann Brower told you? I ask that be stricken out, Judge.

'THE COURT: Overruled—you asked for it.

"Q. All right, what did Ann Brower tell you about the screw-driver?

"A. She told me her husband, at the time they arrived out there at 16th and Franklin Road, that he reached across her and opened up the dash board and took the screw-driver out of the pocket. She said he went to the rear of the car and that he was on the right side of Charles Hagan, that he was bringing his arm up and down, that he had the screw-driver in his hand and later she said it was just horrible, that he actually looked like he was enjoying himself.

"Q. And she's told you she or her husband took the screw-driver out of the glove compartment?

"A. That's correct."

If a party sees fit to open up a subject matter in the examination of a witness he cannot object to the answers or exclude the evidence brought out because it is not to his liking or is prejudicial. It follows that the same rule applies on cross-examination, even though the question eliciting the answer might have been properly objected to at the time asked by the opposing party. One is estopped to reject what he asked for, thinking it would benefit him. *Wright* v. *Gaff* (1855), 6 Ind. 416; *Hicks* v. *State*

(1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501, Cert. Denied 304 U. S. 564, 82 L. Ed. 1531, 58 S. Ct. 951.

To us this is decisive of the many contentions of the appellant, among them, that the jury was permitted to consider hearsay testimony; that appellant is entitled to be confronted by his accusers; that the wife's statements were privileged; that there was misconduct on the part of the prosecuting attorney and court with reference to allowing the jury to know of the statements made by the wife and others. The appellant opened the door to such testimony, and may not establish error thereon.

There was independent corroborating evidence of the *corpus delicti*. Medical experts and the coroner testified they examined the body of the deceased; that he had been stabbed numerous times, and one of the wounds opened a large blood vessel from which wound he died about 11:00 o'clock on the night of the fight. They found a screw driver covered with blood jammed in the decedent's pocket. The wounds were of the approximate width and size of the blade of the screw driver. Photographs of the body and the wounds were introduced in evidence for the consideration of the jury along with the screw driver which was admitted to belong to the appellant. Excluding the testimony of the wife concerning Exhibits 4 and 5, there was still sufficient evidence for a jury to believe the deceased was killed by a screw driver owned and possessed by the appellant, and that deceased was left to die as a result of a fight with the appellant. There was other evidence contradictory in many respects, but it was for the jury to determine what they wished to believe, and we have no alternative here but to consider that which would support the jury's verdict. *Stice* v. *State, supra* (1950), 228 Ind. 144, 89 N. E. 2d 915;

*Schlegel* v. *State* (1950), 228 Ind. 205, 91 N. E. 2d 167.

The judgment of the trial court is affirmed.

Landis, C. J., and Emmert, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 237.