SHERWOOD; SAYER *v.* STATE OF INDIANA ET AL.

[No. 29,736. Filed December 5, 1960. Rehearing denied January 17, 1961.]

*James E. Rocap, Jr., James E. Rocap, Sr.,* of counsel, *Keith C. Reese,* all of Indianapolis, *Carl M. Gray* and *Gray & Waddle,* of Petersburg, for appellants.

*Edwin K. Steers,* Attorney General, and *Carl M. Francheschini,* of counsel, of LaPorte, for appellees.

ARTERBURN, J.—The appellants and Arthur J. Mogilner were charged by affidavit in two counts with the crime of conspiracy to bribe Virgil W. Smith, a commissioner of the State Highway Department of the State of Indiana, and with bribery of such official. The defendant Mogilner changed his plea from not guilty to guilty at the time the trial began and became a witness for the prosecution. The appellants were tried by a jury in Marion County and were found guilty and were each sentenced for a term of two to twenty-one years in the Indiana State Prison and fined $15,000.00 on both counts of the affidavit. Appellants' sole assigned error is the overruling of appellants' motion for a new trial.

The first alleged error of which complaint is made is that the court erred in refusing to give appellant Sherwood's tendered Instruction No. 17 and appellant Sayer's tendered Instruction No. 20, which are the same, and read as follows:

> "I instruct you that if you find from the evidence in this case that the Prosecuting Attorney has agreed to recommend leniency for Arthur J. Mogilner, you may consider this evidence, together with all other evidence, in determining the credibility of the said Arthur J. Mogilner and the weight to be given his testimony as a witness herein."

It is appellants' contention that there was evidence showing that Mogilner had said in substance that the prosecuting attorney had promised him to recommend a suspended sentence if he would give evidence helpful in the conviction of the two appellants, and further stated that the prosecutor suggested that he testify falsely, if necessary, for such conviction. The appellants contend that Mogilner was the State's "star wit-

ness"; that he stated that he had arranged with Smith, the chairman of the State Highway Commission, for the payment of the alleged bribes in the purchase and use of highway equipment and supplies and that he was the go-between in all particulars, including the funneling of the funds back to the two appellants. The only corroborating evidence were exhibits (cancelled checks) showing payments to appellants and to Virgil Smith (under the name V. Wilson).

It is urged that the question as to the credibility of this witness is the essence of the appellants' defense.

As a general principle an agreement to recommend leniency towards a co-conspirator or one charged with a crime in consideration of favorable testimony, ▆ is a matter which affects such witness's credibility. However, we point out, a mere promise alone to recommend leniency, if such a witness pleads guilty, does not necessarily affect such witness's credibility, particularly where the witness is sentenced prior to the trial and prior to the time when the testimony is given. To make the point clearer, the tendered instruction was so broad it could have been applicable to a situation in which a witness is sentenced immediately after pleading guilty and prior to the trial, with no threat of a sentence hanging over him at the time of testifying. The language of the tendered instruction in question does not connect any promise of leniency with an understanding or agreement to testify or with a factual situation in which the sentence is pending or delayed until after the testimony is given. Such factors are those which would tend to influence testimony. The tendered instruction in this case does not include within its language such element and is therefore defective. Instructions should be confined to the evidence and should not be so broad as to cover factual

situations not presented for consideration of a jury. 8 I. L. E., §451, p. 514; 23 C. J. S., Criminal Law, §1312, p. 906.

An examination of the case of *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607 reveals that no question as to the wording of an instruction was involved in that case and no consideration was given as to the framing of an instruction on the point involved to conform to the evidentiary background.

*Diblee* v. *State* (1931), 202 Ind. 571, 177 N. E. 261 cited by appellants, for the reasons above stated, is not applicable here.

We point out further that the court in the case before us gave general instructions which applied equally to the credibility of all witnesses and the weight to be given their testimony. It also gave an instruction upon the question of the credibility of an accomplice, which read as follows:

"Instruction No. 40

"An accomplice is one who, with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the State in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the court and jury to carefully scrutinize the testimony of an accomplice, and, if his testimony shall be found to establish the guilt of the defendants beyond a reasonable doubt, the jury may return a verdict of guilty on his testimony alone."

We find no error in refusing to give the tendered instruction as worded.

The appellant Sherwood next complains of error because the trial court permitted the State on cross-examination to inquire into his net worth, which he stated to be approximately $300,000.00 The contention is made that this was not material or relevant to the issues involved. The State, on the other hand, points out that on direct examination the defendant Sherwood went into certain banking and other financial transactions in an effort to show that he had not withdrawn or paid $2500.00 to Mogilner. The State had a right to bring out on cross-examination that he had ample assets in various forms which would make it easy to obtain the $2500.00 from sources other than bank accounts and those specifically referred to in the evidence by the defendant. Where one opens up such a subject matter on direct examination the door is likewise open for cross-examination. There is no showing the court abused its discretion in permitting such cross-examination limited to the extent shown. *Brower* v. *State* (1956), 236 Ind. 35, 138 N. E. 2d 237; *Kominski* v. *Meadows* (1959), (U. S. C. A. 7th Circ.) 264 F. 2d 53; *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171, Cert. Den. 304 U. S. 564, 58 S. Ct. 951, 82 L. Ed. 1531; *Denny* v. *State* (1921), 190 Ind. 76, 129 N. E. 308; *Kahlenbeck* v. *The State* (1889), 119 Ind. 118, 21 N. E. 460; *Stillson* v. *State* (1933), 204 Ind. 379, 184 N. E. 260.

The appellants complain that upon their request they should have been granted separate trials. Their complaint of injury and prejudice is based primarily upon being forced into a trial with Mogilner who, after the jury was impaneled but before the taking of evidence, pleaded guilty. The granting of separate trials is discretionary with the court under the statute. Burns' §9-1804, 1956 Repl.

Appellants fail to point out any evidence which was introduced that was prejudicial which would have been excluded, had there been separate trials. The denial of a seperate trial because a co-defendant may turn state's evidence and enter a plea of guilty, is not an abuse of discretion. Such facts, in event Mogilner took the stand even in a separate trial, would have been revealed to the jury. The same answer may be made to the argument that the appellants were prejudiced by being tried jointly with Mogilner because he had other indictments pending against him. The fact that a co-defendant has a criminal record is not a mandatory ground for a separate trial. *Badgley* v. *State; Brown* v. *State* (1948), 226 Ind. 665, 82 N. E. 2d 841.

The appellants have failed to cite any cases in support of their argument which have held that there has been an abuse of discretion in denying separate trials in similar instances. The court instructed the jury that Mogilner's plea of guilty was not to be considered in any way as evidence of guilt of the appellants.

The appellants each made a verified request for a change of venue from the county because of prejudice and odium existing among the citizens of the county. Appellant Sherwood's affidavit contained allegations with reference to the statements of the prosecuting attorney which were published in the newspaper and attached thereto were certain clippings marked as exhibits. The verified request for a change of venue contained no reference whatsoever to these exhibits that were attached thereto. No statement in the affidavit made them a part of the motion as exhibits. An examination of the transcript shows a number of clippings with reference to the criminal proceedings of the appellants which appear to have been cut out of

some newspapers. The clippings themselves do not reveal from what newspaper they were taken nor where they were circulated. To appellants' affidavits the State filed counter-affidavits denying that such prejudice existed. The court had before it a question of fact to be determined as to the existence of such prejudice and odium in the county as would prevent a fair and impartial trial. Where there is evidence to support the court's determination, we are bound on the appeal by its finding. *Jackson* v. *State* (1953), 232 Ind. 453, 112 N. E. 2d 433; *Kennedy* v. *State* (1935), 209 Ind. 287, 196 N. E. 316.

The appellants claim error because upon the disqualification of special judge Walter Pritchard he submitted a panel of qualified attorneys from which a special judge was to be chosen, instead of remanding the case to the regular judge of the court for the purpose of naming a panel.

Rule 1-12 of this court, which is decisive of this question, reads as follows:

> "Hereafter whenever in any proceeding, whether civil, statutory or criminal, in any court except the courts of justice of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

> . . . . .

> "(3)   If neither method provided for by (1) or (2) for the selection of a special judge be adopted, then the presiding judge, or if there be no such judge, the regular judge of the court shall submit a list of three persons from which, by striking, an appointee may be selected. In an adversary proceeding each party may strike one name and in an ex parte proceeding said party shall be entitled to strike one name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge. In cases

where a judge, on his own motion, disqualifies himself the plaintiff side shall strike first.

. . . .

"The term 'presiding judge' as used herein shall mean the judge before whom the case is pending when it becomes necessary to select a judge under this rule."

It was the duty of the special judge under the conditions here presented, as the "presiding judge," to submit a list of three persons from which an appointee as judge would be selected. The procedure followed was that outlined by our rules and no error was committed in that respect.

Judgment affirmed.

Landis and Jackson, JJ., concur.

Bobbitt, C. J., concurs in result.

Achor, J., dissents with opinion.

### DISSENTING OPINION

ACHOR, J.—In my opinion the refusal of the court to give appellant Sherwood's tendered Instruction No. 17, and appellant Sayer's tendered Instruction 20, constituted reversible error. These instructions were the same and read as follows:

"I instruct you that if you find from the evidence in this case that the Prosecuting Attorney has agreed to recommend leniency for Arthur J. Mogilner, you may consider this evidence, together with all other evidence, in determining the credibility of the said Arthur J. Mogilner and the weight to be given his testimony as a witness herein."

Mogilner, Sherwood and Sayer were charged with the same crime in a single indictment. A motion to separate was denied. After the jury had been sworn, and in the presence of the jury, Mogilner pleaded guilty

to the offense charged, and, immediately thereafter, without first being sentenced on his own plea of guilty, testified for the state that the appellants Sherwood and Sayer had participated with him in the crime charged as accomplices. Under these circumstances it was not necessary that the instruction, by express language, circumscribe its application to the facts in the case, since they were known to the jury and were a matter of record.

The fact that the testimony of an accomplice is given pursuant to the promise or agreement of the state to recommend leniency is a circumstance that is the proper subject of testimony to go to the jury in considering the credibility of the testimony of the witness.[1] Furthermore, the credibility of the testimony of an accomplice is a proper subject for instruction to the jury. *Ruvel v. United States* (1926), 12 F. 2d 265 (C. C. A. 7th Circ.). Therefore, in my opinion, if an accomplice testifies under the background of an agreement by the state to recommend leniency with respect to the sentence yet to be imposed upon him, this is a material fact or circumstance of such significance and so unique to the credibility of the particular witness that it is the proper subject of a special instruction.

Furthermore, in my opinion, neither the general instruction regarding the credibility of the witnesses, nor the specific instruction that "It is the duty of the court and jury to carefully scrutinize the testimony of an accomplice," were sufficient under the peculiar facts of this case to avoid the necessity of the specific instruction here requested.

---

1. "Since the fact that testimony is given pursuant to a promise of immunity or leniency may have a bearing upon the weight to be given it, there is no question as to the right of the defendant to have the fact that such promise has been made brought to the attention of the jury. . . ." 120 A. L. R. 753.

The general rule upon this subject has been stated as follows:

"The jury are the sole judges of the credibility of witnesses and the weight that should be given to their testimony and it is proper so to charge the jury. *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354. But this does not forbid instructions as to the tests to be applied to the testimony by the jury. The court may charge that the jury may give consideration to the appearance and demeanor of the witnesses, their manner of testifying, their apparent candor and fairness, their bias or prejudice, their apparent intelligence, their interest in the result, and *all other surrounding circumstances. . . .*" (Our italics.) Reid's *Branson Instructions to Juries,* 1960 Repl., Vol. 1, §69, pp. 234-235.

Therefore, in my opinion, it was not only proper but mandatory that, under the "surrounding circumstances" here presented, the instruction here requested should have been given to the jury.

NOTE.—Reported in 170 N. E. 2d 656.