GARRISON *v.* STATE OF INDIANA.

[No. 30,884. Filed December 4, 1967.]

*Glenn T. Williams,* of Greenfield, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction for murder in the second degree, pursuant to which appellant, Jerry Wayne Garrison, has been sentenced to life imprisonment. Appellant was indicted and tried jointly with a co-defendant, Chester Scharbrough on a charge of first-degree murder. Appellant presents no argument that the evidence was insufficient to support the verdict. Garrison and Scharbrough both filed motions under Ind. Anno. Stat. § 9-1804 (1956), which statute provides as follows:

"9-1804 (2300). Joint and separate trials—Motion.—When two (2) or more defendants are jointly charged with any

offense, whether a felony or a misdemeanor, they shall be tried jointly, unless the court, in its discretion, on the motion of the prosecuting attorney, or of any defendant, or on its own motion, orders separate trials. In making an order or orders for separate trials, the court may order that one or more defendants be each separately tried and the others jointly tried, or it may order that several defendants be jointly tried in one trial and the others jointly tried in another trial or trials, or it may order that each defendant be separately tried. A motion for a separate trial shall be filed at least ten (10) days before the day set for a joint trial, or, if a date less than ten (10) days ahead, is set for a joint trial, then such motion shall be filed within two (2) days after the setting of the case for joint trial."

The only error argued by appellant in his brief is the overruling of his motion for new trial in that the trial court committed an error of law in failing to grant his motion for a separate trial.

An allegation of error in the overruling of a motion for a separate trial can only be supported by a showing of abuse of discretion on the part of the trial court. *Johnson* v. *State* (1964), 245 Ind. 295, 198 N. E. 2d 373.

Appellant first contends he was prejudiced by the joint trial in that the trial court admitted police officer Robert Patton's testimony of oral statements made by Scharbrough while both defendants were in custody. Scharbrough's statements implicated the appellant and Patton said appellant was present at the time of the alleged statements.

In *Kern* v. *State* (1957), 237 Ind. 144, 144 N. E. 2d 705, a third person testified, as did Officer Patton in this case, to accusatory statements made against a criminal defendant in the presence of both the third party and the defendant. This Court recognized that such testimony constituted hearsay, even though defendant was present when the statements were made.

"The rule is now well settled that if an accused be in custody when such accusations of guilt are made in his pres-

ence, he is under no duty to deny them and his silence is not to be taken as an admission against him, and it is reversible error to admit such evidence over objection. *Diblee* v. *State* (1931), 202 Ind. 571, 579; 177 N. E. 261."

The holding of *Kern* v. *State, supra,* is clearly applicable to this case. Since the statements made by Scharbrough did not become any part of an admission by appellant, and since Scharbrough, himself, did not testify, the statements of the officer constituted hearsay. Nothwithstanding the hearsay status of the officer's testimony, however, the testimony was material to the State's case.

"A party who permits incompetent evidence on a material issue to be introduced without objection can not be heard to say on appeal that it should not be considered in determining if the finding is supported by the evidence . . . This rule has been applied to hearsay and secondary evidence as well as to evidence rendered incompetent for other reasons." *Kern* v. *State, supra,* at 148-49.

The soundness of the court's discretion in denying a motion for separate trials is measured by what transpired at the joint trial rather than what was alleged in the motion for separate trials. *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108. An examination of the transcript in the case at bar reveals that appellant made no objection when the State offered the police officer's testimony as to Scharbrough's statements which implicated defendant. Therefore, appellant cannot be heard to say that the testimony complained of would have been excluded had there been separate trials.

In *Sherwood; Sayer* v. *State* (1961), 241 Ind. 215, 170 N. E. 2d 656, it was held that the denial of a motion for a separate trial did not constitute an abuse of discretion where a co-defendant entered a plea of guilty and turned State's evidence since such co-defendant's testimony could have come in at a separate trial. It being clear that the evidence complained of here could have come in at a

separate trial, if such trial had been granted to defendant, since appellant did not object, the *Sherwood* case, *supra,* is controlling.

Appellant also contends that his motion for a separate trial should have been granted due to the alleged existence of an agreement between Scharbrough and representatives of the prosecution providing for leniency to Scharbrough in return for his cooperation. Scharbrough did not plead guilty nor turn State's evidence, but neither did he conduct a vigorous defense. However, if it is not improper to deny a motion for a separate trial when one co-defendant pleads guilty and turns State's evidence, as in *Sherwood, supra,* it is certainly not error to deny such a motion merely because the movant's co-defendant refuses to conduct a vigorous defense.

Finally, it appears from the record that the appellant's motion for a separate trial was not timely filed. § 9-1804, *supra,* requires, in part, that:

> "A motion for a separate trial shall be filed at least ten (10) days before the day set for a joint trial . . ."

Appellant's motion for a separate trial was filed with the Clerk of the Hancock Circuit Court on April 17, 1965. The motion states that "trial herein is on the 26th day of April, 1965." Therefore, the motion was untimely upon its face, and was correctly denied.

For all of the foregoing reasons we find no error in the verdict and judgment of the Court below, and said verdict and judgment are therefore affirmed.

Judgment affirmed.

Arterburn, Lewis and Mote, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 243.