JERRY WAYNE GARRISON *v.* STATE OF INDIANA.

[No. 277S139. Filed August 30, 1978. Rehearing denied August 28, 1979.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Howard N. Bernstein, Eugene C. Hollander,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. Mc-Kinney,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of relief under Post Conviction Remedy Rule 1. Petitioner was convicted of Second Degree Murder and sentenced to life imprisonment. His conviction was affirmed by this Court. *Garrison* v. *State,* (1967) 249 Ind. 206, 231 N.E.2d 243. The following errors are asserted:

(1) Was the petitioner entitled to relief by reason of the State's failure to disclose a plea bargain agreement it had made with the petitioner's co-defendant?

(2) Was petitioner's counsel ineffective, either at the trial or on appeal?

(3) Was the petitioner entitled to a separate trial by reason of the above mentioned non-disclosure?

(4) Did the trial court err at the post conviction hearing in admitting certain evidence?

In post conviction proceedings, the burden is upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind. R. P. C. 1, § 5. The trial judge is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll* v. *State,* (1976) 265 Ind. 423, 355 N.E.2d 408; *Davis* v. *State,* (1975) 263 Ind. 327, 330 N.E.2d 738. His decision will be set aside only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Carroll* v. *State, supra. Roberts* v. *State,* (1975) 263 Ind. 53, 324 N.E.2d 265.

\* \* \*

## ISSUE I

The defendant was tried jointly with his co-defendant, Scharbrough, who was also convicted of Second Degree Murder but whose conviction was reversed by reason of the State's misconduct in improperly influencing him to make no defense. *Scharbrough* v. *State*, (1968) 249 Ind. 316, 232 N.E.2d 592.

It is undisputed that the prosecutor made an agreement with Scharbrough and his counsel that neither should do anything during the trial to impede the prosecution of the petitioner, in return for which Scharbrough would be allowed to plead guilty to manslaughter, at a time to be determined by the prosecutor. The trial was completed without either Scharbrough or the petitioner, who had separate counsel, making any defense. At the close of the evidence, Scharbrough asked leave to withdraw his plea of not guilty and to enter a guilty plea to manslaughter. The State refused to move for dismissal, however, thereby dishonoring the agreement.

Presumably, the evidence of guilt was strong, and there having been no defense made, Scharbrough's counsel, in desperation, pleaded his client's minimal involvement in final argument to the jury and asked for a manslaughter verdict. The aborted plea bargain agreement was not discovered by the petitioner and his counsel until related in Scharbrough's motion for a new trial.

It is also undisputed that the petitioner and his counsel had been told by the prosecutor and by Scharbrough's attorney that no agreements had been made.

It is the petitioner's contention that the State had a duty to disclose the agreement with Scharbrough, citing *Giglio* v. *United States*, (1972) 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 and *Birkla* v. *State*, (1975) 263 Ind. 37, 323 N.E.2d 645. Those cases, however, were concerned with agreements that bore upon the credibility of State's witnesses. In the case before us, Scharbrough did not testify, hence his credibility was not a consideration

for the jury. It, therefore, does not appear that the existence of the agreement would have been admissible into evidence.

Petitioner's claims that he was improperly prejudiced by Scharbrough's "induced silence," and by Scharbrough's plea for a manslaughter verdict in his closing argument to the jury are unimpressive. Neither do we agree that the taint of the prosecutorial misconduct was of such significance as likely to have altered the outcome of the trial as to the petitioner. No authorities have been cited in support of these arguments, and we reject them as being without significant merit.

## ISSUES II & III

The charges of ineffective trial counsel were premised upon trial counsel's failure to object to the admission of a police officer's testimony concerning oral admissions of the co-defendant, Scharbrough, which admissions implicated the petitioner. Although since changed by *Bruton* v. *United States*, (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, under *Paoli* v. *United States*, (1957) 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the petitioner was then entitled only to a limiting instruction confining the consideration of such evidence to the issue of his co-defendant's guilt. This, the petitioner's counsel requested.

Petitioner's assignment of ineffective counsel at the appellate level is premised upon the assignment of but one trial error, i.e. the denial of a motion for a separate trial, although other trial court rulings apparently were questionable and available. Additionally, Petitioner asserts that the appellate attorney admitted, at the post conviction hearing, that, because he did not believe a reversal would be in petitioners best interest he "* * * consciously and knowingly failed to raise the issues which would result in the grant of a new trial."

With regard to the alleged admission of counsel, the peti-

tioner has quoted portions of testimony out of context. We see no such admission by the appellate attorney but only an acknowledgment that, as he remembered the case and circumstances, he probably thought that a new trial would not be to the petitioner's advantage. He expressly stated, however, that such "* * * was not the consideration in the effort that I gave the brief * * *."

Further, the testifying appellate attorney was not the petitioner's chief counsel, he having since died.

A strong presumption exists that an attorney has effectively represented his client. *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738. A reviewing court should not second guess matters of judgment or trial strategy on the part of the attorney. *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686.

We have been cited to nothing that indicates that the efforts or effectiveness of petitioner's counsel, at either the trial level or on appeal, failed to rise to the level that binds him. This determination precludes a consideration of the petitioner's claim of entitlement to a separate trial, as that issue was adjudicated on the direct appeal. It would also have precluded a review of questions treated under Issue I, inasmuch as the prosecutorial misconduct complained of was known to petitioner and his counsel at the time of the direct appeal.

## ISSUE IV

Petitioner has also assigned as error the admission into evidence at the post conviction hearing of an affidavit made by his co-defendant's deceased attorney. He has acknowledged in his brief, however, and we agree that such evidence was advantageous to him. He has, therefore, failed to demonstrate the availability of such error on appeal. *Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Hester* v. *State*, (1974) 262 Ind. 284, 315 N.E.2d 351.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 972.